UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION
www..flsb.uscourts.gov

In re:                                          Case No. 18-20019-EPK

FRANK INVESTMENTS, INC.,                        Jointly Administered Case No's:
                                                   Case No. 18-20022-EPK
         Debtor.                                   Case No. 18-20023-EPK

                                                Chapter 11

_____/

## FRANK ENTERTAINMENT GROUP'S MOTION TO PROHIBIT DEBTOR'S USE OF CASH THAT IS NOT PROPERTY OF THE ESTATE

Frank Entertainment Group, LLC ("FEG" or "Movant"), by and through its undersigned counsel and pursuant to 11 U.S.C. §§ 105(a) and 363(c)(2), moves the Court for an order prohibiting one of the above-captioned debtors, Frank Theatres Management, LLC (the "Frank Theatres Management"), from using FEG's cash that Frank Theatres Management took from FEG pre-petition. In support of this motion, FEG asserts as follows:

### PRELIMINARY STATEMENT

Frank Theatres Management opened FEG's mail, took a $45,000 check that was made payable to the order of FEG, deposited the check into Frank Theatres Management's bank account, and has refused to turn the money over to FEG despite pre-petition demand. Without immediate judicial intervention by this Court, FEG fears that it will be irreparably harmed as its cash is dissipated by Frank Theatres

ORLDOCS 16404696 3

Management and subsequently rendered unrecoverable.  Accordingly, FEG respectfully requests immediate assistance in the manner set forth below

## JURISDICTION AND VENUE

1.      This Court has jurisdiction to consider this motion pursuant to 28 U.S.C. § 157(b) and 28 U.S.C. § 1334.  Consideration of this motion is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) and (0).

2.      Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

3.      This Court has authority to grant the relief requested herein pursuant to sections 105(a) and 363(c)(2) of the Bankruptcy Code.

## BACKGROUND FACTS

4.      Bruce Frank ("Mr. Frank"), through various entities including Frank Entertainment Companies, LLC ("FEC"), Frank Investments, Inc. ("Frank Investments"), and their respective subsidiaries and affiliates, owned and operated movie theaters, bowling alleys, arcades, restaurants, and entertainment complexes in Florida, Georgia, South Carolina, North Carolina, Tennessee, West Virginia, Pennsylvania, and New Jersey.  For the most part, each location was operated under a different entity, and Frank Theatres Management served as a conduit to pay the operating expenses of those various different entities.

5.      Frank Theatres Management did not generate any income or revenue on its own.  Instead, funds from the different operating entities were placed in an account

2

held in Frank Theatres Management's name, and Frank Theatres Management then used those funds to pay the operating expenses incurred by the operating entities.

6.      Effective June 20, 2014, Mr. Frank caused FEC to contribute its membership interest in a number of those operating entities to FEG as part of a growth recapitalization of Mr. Frank's business.   Mr. Frank, through FEC and various subsidiaries, continued to own and operate other locations that were not contributed to FEG, however.   Mr. Frank and FEC continue to operate the entities that Mr. Frank retained under FEC and continue to use Frank Theatres Management as the conduit to pay the operating expenses of those entities in the manner described above.

7.      In mid- to late-2017, the relationship between Mr. Frank and the other members and managers of FEG began to sour.   Ultimately, the Board of Managers of FEG removed all of the officers of FEG and all of the managers and officers of each of FEG's subsidiaries, including Mr. Frank, relieving them of all responsibility and authority to act on behalf of those entities.   Mr. Frank was divested of his role as CEO of FEG and relegated to the role of a "Special Advisor," reporting to FEG's Board of Managers as directed.   He then began retaliating against FEG in a number of different respects.

8.      As is pertinent to this motion, in May 2018,  NBCUniversal Media, LLC mailed a $45,000 check to FEG (the "Check").   FEG never received the check, however. When FEG called NBCUniversal to inquire about the check, NBCUniversal indicated

3

that it mistakenly mailed the check to FEG's old office, which is the office that is still being used by Mr. Frank and his other entities, including Frank Theatres Management. Making matters worse, NBCUniversal indicated that the check had already been cashed.

9.      In July 2018, FEG obtained a copy of the cancelled check from NBCUniversal and learned that Frank Theatres Management endorsed the check and deposited into its account, even though the check was made payable to FEG.   A true and correct copy of the check that FEG obtained from NBCUniversal is attached hereto and incorporated herein as Exhibit A.

10.      On or about July 20, 2018, FEG sent a letter to Frank Theatres Management demanding that Frank Theatres Management turn over FEG's money.  A true and correct copy of the letter is attached hereto and incorporated herein as Exhibit B.  To date, Frank Theatres Management has not responded to the letter, much less turned over FEG's money.

11.      As is evidenced by this bankruptcy filing, Frank Theatres Management and its affiliated business entities are insolvent and are likely using funds taken from FEG to pay operating expenses and otherwise support their business.   Therefore, without immediate action, the insolvent estate will almost assuredly deplete the funds that Frank Theatres Management took from FEG – property that is solely FEG's and **not** property of this estate.

4

## RELIEF REQUESTED

12.     FEG did not agree to be an involuntary lender to Frank Theatres Management.  In order to prevent Frank Theatres Management from using the money it improperly took from FEG, the Court should require Frank Theatres Management to segregate and account for FEG's cash, and the Court should impose a constructive trust over such funds for the benefit of FEG.  Inasmuch as Frank Theatres Management does not generate any revenue on its own and given the fungible nature of cash, there is a substantial risk that FEG will be unable recover its property from this insolvent estate absent the relief requested herein.

13.     Absent assistance from the Court, FEG's cash – which is not property of the estate – will likely disappear and be rendered unrecoverable by virtue of Frank Theatres Management's ongoing and unauthorized use of the stolen funds to pay operating expenses of FEC's businesses.  Accordingly, the Court should enter an order prohibiting any use by Frank Theatres Management of the cash that Frank Theatres Management took from FEG pre-petition.

14.     A proposed Order granting this motion is attached hereto as Exhibit C.

**WHEREFORE**, FEG respectfully requests that the Court enter an Order immediately prohibiting Frank Theatres Management from using FEG's cash and granting such other and further relief as the Court deems just and proper.

ORLDOCS 16404696 3

Dated:  September 21, 2018.                Respectfully submitted,

                                           /s/ James A. Timko
                                           James A. Timko, Esq.
                                           Florida Bar No. 08858
                                           **SHUTTS & BOWEN LLP**
                                           300 South Orange Ave., Suite 1600
                                           Orlando, FL 32801
                                           (407) 835-6808 Phone
                                           (407) 849-7212 Facsimile
                                           jtimko@shutts.com
                                           *Attorneys for Frank Entertainment Group, LLC*

Of Counsel:

Brian Vanderwoude, Esq.
Texas Bar No. 24047558 (admitted *pro hac vice*)
DORSEY & WHITNEY LLP
300 Crescent Court, Suite 400
Dallas, TX 75201
(214) 981-9953 Phone
(214) 853-5095 Facsimile
vanderwoude.brian@dorsey.com

Erin Bryan, Esq.
Minnesota Bar No. 0388609 (admitted *pro hac vice*)
DORSEY & WHITNEY LLP
50 South Sixth Street, Suite 1500
Minneapolis, MN  55402-1498
(612) 340-2600 Phone
(612) 340-2868 Facsimile
bryan.erin@dorsey.com
*Attorneys for Frank Entertainment Group, LLC*

6

ORLDOCS 16404696 3

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was served by CM/ECF and/or First Class U.S. Mail on all parties listed below on this 21st day of September, 2018.

/s/ *James A. Timko*
James A. Timko
Florida Bar No. 08858

### Electronic Mail Notice List

The following is the list of **parties** who are currently on the list to receive email notice/service for this case.

- Joaquin J Alemany    joaquin.alemany@hklaw.com, jose.casal@hklaw.com
- Daniel C Bruton    dbruton@belldavispitt.com
- Patrick R Dorsey    pdorsey@slp.law, ematteo@slp.law;dwoodall@slp.law;cdraper@slp.law
- Bertis A Echols    bechols@evanspetree.com, sbruce@evanspetree.com
- C Craig Eller    craig.eller@nelsonmullins.com
- Gary M Freedman    gary.freedman@nelsonmullins.com, yari.portanova@nelsonmullins.com;lisa.negron@nelsonmullins.com
- Craig S Ganz    ganzc@ballardspahr.com, phxdocketingbkr@ballardspahr.com;myersms@ballardspahr.com
- David B Marks    brett.marks@akerman.com, charlene.cerda@akerman.com
- Orfelia M Mayor    omayor@ombankruptcy.com, legalservices@pbctax.com;carmen@ombankruptcy.com;cmbk@ombankruptcy.com;omayor@ecf.inforuptcy.com
- Office of the US Trustee    USTPRegion21.MM.ECF@usdoj.gov
- Lawrence E Pecan    lawrence.pecan@rialtocapital.com, lpecan@gmail.com
- Heather L. Ries    hries@foxrothschild.com, ralbert@foxrothschild.com
- Bradley S Shraiberg    bss@slp.law, dwoodall@slp.law;blee@slp.law;bshraibergecfmail@gmail.com;ematteo@slp.law;cdraper@slp.law
- Max J Smith    msmith@slp.law, dwoodall@slp.law;ematteo@slp.law;cdraper@slp.law
- James A Timko    jtimko@shutts.com, kgranofsky@shutts.com

ORLDOCS 16404696 3

**<u>Manual Notice List</u>**

The following is the list of **<u>parties</u>** who are **not** on the list to receive email notice/service for this case (who therefore require manual noticing/service).

J. Brian Vanderwoude
c/o Dorsey & Whitney LLP
300 Crescent Ct., #400
Dallas, TX 75201

*See attached* – Official Mailing Matrix

ORLDOCS 16404696 3

Amount:        $45,000.00              Sequence Number: 8152310883

Account:              )397              Capture Date:     06/05/2018

Bank Number: 71923284                  Check Number:     3849453



**NBCUniversal**
NBCUniversal Media, LLC
100 Universal City Plaza
UNIVERSAL CITY, CA 91608

3849453
CHECK NO.

70-2328
719

DATE OF CHECK
05/25/18

PAY:   Forty Five Thousand And 00/100 Dollars

CHECK AMOUNT
$45,000.00

TO THE ORDER OF        FRANK ENTERTAINMENT GROUP LLC
1003 W INDIANTOWN RD SUITE 210
JUPITER FL 33458

Controlled Disbursement
Bank of America, N.A.
Northbrook, Illinois

*NBC Universal Media, LLC*
Authorized Signature

Electronic Endorsements:

| Date | Sequence | Bank # | Endrs Type | TRN | RRC | Bank Name |
|------|----------|--------|------------|-----|-----|-----------|
| 06/05/2018 | 8152310883 | 11000138 | Rtn Loc/BOFD | Y | | BANK OF AMERICA, NA |



EXHIBIT
A



BRIAN VANDERWOUDE
Partner
(214) 981-9953
FAX (214) 853-5095
vanderwoude.brian@dorsey.com

July 20, 2018

Via Email and CMRRR

Frank Theaters Management, LLC
c/o Joshua S. Widlansky
PADULA BENNARDO LEVINE, LLP
3837 NW Boca Raton Blvd., Suite 200
Boca Raton, FL  33431

      Re:    Mail theft, obstruction of correspondence, and civil theft committed against
              Frank Entertainment Group, LLC

Dear Josh:

We have received credible reports that Bruce Frank, Rob Reynolds, or others associated with Frank Entertainment Companies, LLC, Frank Investments, Inc., Frank Theaters Management, LLC, and/or their affiliates and subsidiaries (collectively, "Frank") has been opening correspondence addressed to Frank Entertainment Group, LLC ("FEG") that was mistakenly sent to the office that FEG previously shared with Frank at 1003 W. Indianatown Rd., Suite 210, Jupiter, FL 33458. As you and Frank know or should know, federal law makes it illegal to take, steal, intercept, open, damage, or destroy someone else's mail. Mail theft and "obstruction of correspondence" both come with fines up to $250,000 and five years in a federal prison. *See* 18 U.S.C.A. §§ 1701, 1702. Thus, the opening of FEG's mail, in and of itself, is bad enough.

Making matters worse, however, is that in one recent instance, the correspondence included a check from NBCUniversal Media, LLC payable to FEG in the amount of $45,000, which Frank Theaters Management, LLC endorsed and deposited into its own account. A copy of the check, which we obtained from NBCUniversal, is enclosed with this letter. Depositing checks made out to FEG constitutes civil theft under Florida law, which exposes the person that takes the property to three times the amount of damages sustained, or, in this case, $135,000.

Pursuant to section 772.11 of the Florida Statutes, FEG hereby demands payment of $135,000 for the property taken from it by Frank Theaters Management, LLC. If payment is not received within 30 days after the date of this letter, we will immediately institute legal proceedings for injunctive relief, divestiture of the stolen funds, attorneys' fees, and, perhaps, a restriction on future activities or investments of Frank, the dissolution or reorganization of Frank and any related enterprise, the suspension or revocation of any licenses, permits, or approvals issued to Frank by state agencies or



EXHIBIT

B

departments, and/or the revocation of corporate charters, all as permitted under applicable Florida law.

We also demand that Frank immediately cease and desist opening, taking, intercepting, and/or stealing FEG's mail. Any mail that Frank receives that is addressed to FEG should either be returned to the sender or, preferably, forwarded unopened to FEC's new office at 3801 PGA Blvd, Suite 600, Palm Beach Gardens, Florida 33410.

Please feel free to call if you would like to discuss. In the interim, nothing in this letter constitutes a waiver of any of FEG's rights and remedies, all of which are reserved in their entirety.

Regards,

Brian Vanderwoude

Enclosure

2

Amount:          $45,000.00          Sequence Number: 8152310883

Account          0397          Capture Date:     06/05/2018

Bank Number: 71923284          Check Number:     3849453

**NBCUniversal**
NBCUniversal Media, LLC
100 Universal City Plaza
UNIVERSAL CITY, CA 91608

3849453
CHECK NO.

70-2328
719

DATE OF CHECK
05/25/18

PAY:   Forty Five Thousand And 00/100 Dollars

CHECK AMOUNT
$45,000.00

TO THE ORDER OF   FRANK ENTERTAINMENT GROUP LLC
1003 W INDIANTOWN RD SUITE 210
JUPITER FL 33458

Controlled Disbursement
Bank of America, N.A.
Northbrook, Illinois

*NBC Universal Media, LLC*
Authorized Signature

⑈00397⑈

PAY TO THE ORDER OF
BANK OF AMERICA
PRINCETON, NJ 08540-6586
FOR DEPOSIT ONLY
FRANK THEATRES
MANAGEMENT, LLC
7698

Seq:  1
Dep:  000685
Date: 06/05/18

For Deposit Only to
Frank Management LLC
Frank Theatres Management LLC
Master
Deposited by:

Electronic Endorsements:

| Date | Sequence | Bank # | Endrs Type | TRN | RRC | Bank Name |
|------|----------|--------|------------|-----|-----|-----------|
| 06/05/2018 | 8152310883 | 11000138 | Rtn Loc/BOFD | Y | | BANK OF AMERICA, NA |

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION
www.flsb.uscourts.gov

In re:                                           Case No. 18-20019-EPK

FRANK INVESTMENTS, INC.,                         Jointly Administered Case No's:
                                                   Case No. 18-20022-EPK
    Debtor.                                  Case No. 18-20023-EPK

                                                 Chapter 11

_____/

**ORDER GRANTING *FRANK ENTERTAINMENT GROUP'S MOTION TO PROHIBIT DEBTOR'S USE OF CASH THAT IS NOT PROPERTY OF THE ESTATE* [ECF NO. #]**

    THIS MATTER came before the Court for a hearing on [   ], 2018 at [  ] to consider *Frank Entertainment Group's Motion to Prohibit Debtor's Use of Cash That is Not Property of the Estate* [ECF No. #] (the "Motion"), filed by Frank Entertainment Group, LLC ("FEG"). Upon consideration of the Motion, good cause appearing the Court being fully advised, and based upon the record it is

    **ORDERED** as follows:



1.       The Motion is **GRANTED.**[1]

2.       The Debtors and their members, managers, employees, agents and attorneys are

**prohibited** from using the funds received or to be received from the Check, pending further

Order of this Court or a written agreement with FEG.

3.       Within three (3) business days of the entry of this Order, the Debtor shall provide

FEG with an accounting of the funds received through the cashing of the Check.

###

**Submitted by:**

James A. Timko, Esq.
Florida Bar No. 08858
**SHUTTS & BOWEN LLP**
300 South Orange Ave., Suite 1600
Orlando, FL 32801
(407) 835-6808 Phone
(407) 849-7212 Facsimile
jtimko@shutts.com
*Attorneys for Frank Entertainment Group, LLC*

Attorney Timko shall serve a conformed copy of this Order upon receipt of the same on all
parties in interest and shall file a Certificate of service with the Court.

---

[1] Capitalized terms not otherwise defined herein shall have the same meanings as ascbribed to
them in the Motion.