UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

In re:

FRANK INVESTMENTS, INC., *et al.*,                   Lead Case No. 18-20019-EPK

    Debtors.                                         Chapter 11
                                                     (Jointly Administered)

_____/

## EMERGENCY MOTION FOR CONTEMPT
## FOR VIOLATION OF THE AUTOMATIC STAY

**\*\*Emergency Hearing Requested Pursuant to Local Rule 9075-1\*\***

**A judgment creditor of debtor, Frank Theatres Management, LLC, served a writ of garnishment on Bank of America, N.A. prepetition.  BOA froze several accounts titled in the name of Frank Theatres and the garnishment proceedings were pending as of the petition date.**

**While in bankruptcy, Frank Theatres has repeatedly requested that BOA and the judgment creditor, Las Olas Riverfront, LP, unfreeze the garnished funds.  To be clear, Frank Theatres has not demanded that the garnishment lien be dissolved.  Frank Theatres has simply requested that the funds be returned to it, so that it can file a motion to use cash collateral under 11 U.S.C. § 363.**

**To date, Frank Theatres does not have possession of the funds. BOA and Las Olas are violating the automatic stay.  The Debtor risks irreparable harm if it cannot access the funds and requests an emergency hearing on the Court's next available date.**

Debtor in Possession, Frank Theatres Management, LLC (the "Debtor") requests entry of

an order directing Las Olas Riverfront, LP ("Las Olas") and Bank of America, N.A. ("BOA") to

release funds being held pursuant to a prepetition garnishment, without prejudice to an award of

damages, attorneys' fees and other sanctions for a knowing, willful, and continuous violation of

the automatic stay.  In support of these requests the Debtor states:

## JURISDICTION

1.      This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper under 28 U.S.C. §§ 1408 and 1409.

2.      This is a core proceeding as defined by 28 U.S.C. § 157(b)(2).

3.      The statutory predicates in support of the relief requested herein are 11 U.S.C. §§ 105(a) and 362.

## FACTS AND BACKGROUND

4.      On August 17, 2018, Frank Investments, Inc. ("Frank Investments"), Frank Entertainment Companies, LLC ("Frank Entertainment") and Frank Theatres Management, LLC ("Frank Theatres") (together, the "Debtors") filed voluntary petitions for relief under chapter 11 of the United States Bankruptcy Code, 11 U.S.C. § 101 *et seq.*

5.      The Debtors cases are being jointly administered under the Frank Investments, Inc. case, lead Case No. 18-20019-EPK.

6.      Prior to the petition date, on May 30, 2018, the Circuit Court of Broward County, Florida entered a money judgment in the principal amount of $55,000 in favor of Las Olas Riverfront, LP ("Las Olas"), and against Frank Entertainment and Frank Theatres (the "Judgment").  A copy of the Judgment is attached as **EXHIBIT "A"**.

7.      The Judgment is unsatisfied.

8.      In an effort to satisfy the Judgment, Las Olas served writs of garnishment on Bank of America, N.A. ("BOA") on June 14 and August 3, 2018 (the "Writs").  Copies of the Writs are attached as **EXHIBIT "B"**.

9.      In response to the Writs, BOA froze accounts ending in 7698, 5130 and 5896 that are titled in the name of Frank Theatres (the "Accounts").  Upon information and belief, BOA has

frozen no less than $176,316.67 in the Accounts.  Copies of answers to the Writs filed by BOA are attached as **EXHIBIT "C"**.

10.     Shortly after the petition date, on August 29, 2018, Frank Theatres filed an adversary proceeding to avoid any interest Las Olas claimed in the Accounts as a preference. *See* Adv. Proc No. 18-01352-EPK-A (the "Adversary Proceeding").  The Adversary Proceeding remains pending.

11.     Although Frank Theatres is confident that it will prevail in the Adversary Proceeding, for the moment, Las Olas asserts in interest in the Accounts.  Frank Theatres has therefore requested that BOA and Las Olas unfreeze the Accounts.  Once in possession of the funds at issue, Frank Theatres will file a motion to use cash collateral under § 363 of the Bankruptcy Code.  Frank Theatres is confident that this request will be granted, as the amount of funds in dispute—$176,316.67—easily exceeds the amount of the Judgment and Las Olas will be adequately protected.

12.     On September 25, 2018 Frank Theatres issued correspondence to BOA and Las Olas demanding release of the funds and warning that both parties were violating the automatic stay by refusing to do so.  A copy of this correspondence is attached as **EXHIBIT "D"**.

13.     Counsel for BOA has responded to the correspondence and requested entry of an agreed order authorizing disbursal of the funds.  Frank Theatres does not oppose this request; however, Las Olas has not consented to the funds' release as of the filing of this motion.

14.     For the avoidance of doubt, Frank Theatres has repeatedly stated to Las Olas that it is <u>not</u> seeking to extinguish any garnishment lien or interest in the Accounts through its stay violation demand.  Rather, Frank Theatres is demanding possession of the funds so that it can file a motion to use cash collateral.  Any interest of Las Olas in the funds will be adjudicated in the

Adversary Proceeding.  Despite these clarifications Las Olas, again, has refused to authorize BOA to release the funds.

**ARGUMENT**

Frank Theatres requests entry of an order: (a) requiring BOA and Las Olas to immediately unfreeze the Accounts and return the funds therein to Frank Theatres; (b) without prejudice to finding BOA and Las Olas in contempt pursuant to 11 U.S.C. §§ 105 and 362, and awarding damages, attorneys' fees and other sanctions for a knowing, willful, and continuous violation of the automatic stay.

**A.      Las Olas's Interest in the Accounts.**

Florida garnishments are governed by chapter 77 of the Florida Statutes, Fla. Stat. § 77.01 *et seq.*  Section 77.06(1) describes the effect of a writ served by a judgment creditor upon a third-party garnishee:

> Service of the writ shall make the garnishee liable for all debts due by him or her to defendant and for any tangible or intangible personal property of defendant in the garnishee's possession or control at the time of the service of the writ or at any time between the service and the time of the garnishee's answer.  <u>Service of the writ creates a lien in or upon any such debts or property at the time of service or at the time such debts or property come into the garnishee's possession or control.</u>

Fla. Stat. § 77.06(1) (emphasis supplied).  Thus, Las Olas has a statutory lien on the Accounts pending resolution of the Adversary Proceeding.

**B.      The Automatic Stay.**

Section 362 of the Bankruptcy Code provides that a stay, applicable to all entities, arises on the filing of a bankruptcy petition.  11 U.S.C. § 362(a).  The stay prohibits a wide variety of conduct, including:

(2)    the enforcement, against the debtor or against property of the estate, of a judgment obtained before the commencement of a case under this title [i.e. title 11];

(3)    any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate;

(4)    any act to create, perfect, or enforce any lien against property of the estate;

(5)    any act to create, perfect, or enforce against property of the debtor any lien to the extent that such a lien secures a claim that arose before the commencement of the case under this title; [and]

(6)    any act to collect, assess, or recover a claim against the debtor that arose before the commencement of the case under this title[.]

11 U.S.C. § 362(a)(2)–(6).

Las Olas is violating the automatic stay by refusing to authorize the release of the garnished funds and effectively, *inter alia*: (1) enforcing its prepetition judgment, (2) exercising control over property of the estate and (3) enforcing its garnishment lien against property of the estate. The Court should order BOA and Las Olas to release the funds immediately, without prejudice to future impositions of sanctions. *See In re WVF Acquisition, LLC*, 420 B.R. 902, 905 (Bankr. S.D. Fla. 2009) (imposing actual and punitive damages under 11 U.S.C. § 362 for stay violation).

In communications that occurred prior to the filing of this Motion, counsel for Las Olas asserted that Frank Theatres is not entitled to possession of the funds under the cases of *In re Lastra*, 2005 WL 2445468 (Bankr. S.D. Fla. 2005) and *In re Giles*, 271 B.R. 903 (Bankr. M.D. Fla. 2002). In those cases, the debtors alleged that judgment creditors violated the automatic stay by refusing to release prepetition garnishments. The courts determined that the creditors' refusals to release the garnishments did not violate the stay. However, *Lastra* and *Giles* are distinguishable from the instant matter.

Specifically, the debtors in *Lastra* and *Giles* demanded that the judgment creditors release their liens on the bank accounts at issue. *Lastra*, 2005 WL 2445468, at *1 ("…the court concludes

that the Creditors' refusal to dissolve the writ of garnishment <u>and release its lien</u> did not violate the automatic stay."); *Giles*, 271 B.R. at 907 ("…the court concludes that the creditor's refusal to <u>release its lien</u> did not violate the automatic stay.") (emphases supplied). Here by contrast Frank Theatres is merely seeking <u>possession</u> of funds subject to Las Olas's garnishment lien, so that it can next seek authority to use cash collateral under 11 U.S.C. § 363. Although Frank Theatres is seeking to avoid the lien in the Adversary Proceeding, it is not demanding that the lien by released in connection with this motion.

Moreover, *Giles* argues that a garnishing creditor should not be required to dissolve its garnishment where its "lien might be destroyed if its collateral were released." *Giles*, 271 B.R. at 906 (quotation omitted). Again, however, any use of Las Olas's collateral—the funds in the Accounts—is subject to the cash collateral requirements of § 363. Frank Theatres must obtain either the consent of Las Olas, or court approval after demonstrating adequate protection, in order to use the funds. *See* 11 U.S.C. § 363(a) and (c)(2). The concerns raised in *Giles* are not present here, and that opinion is distinguishable. *See In re Roche*, 361 B.R. 615 (N.D. Ga. 2005) (creditor violated the automatic stay by refusing to release garnished funds).

The Frank Theatres bankruptcy estate should not have to bear the attorneys' fees and costs incurred in bringing this matter before the Court, and Frank Theatres submits that an award of sanctions equal to those fees and costs incurred would be appropriate. *In re Xavier's of Beville, Inc.*, 172 B.R. at 671 ("A corporate debtor is not without a remedy for a willful violation of the stay. Rather, a corporate debtor's remedy emanates from the Court's authority to enforce the Code and to impose sanctions for contempt."). Additionally, in order to deter future stay violations Frank Theatres requests that the Court enter an award of punitive damages as sanctions.

**WHEREFORE**, Frank Theatres requests the entry of an order: (1) directing BOA and Las Olas to immediately unfreeze the Accounts and release the funds in the Accounts to Frank Theatres; (2) reserving jurisdiction to enter such other orders as are appropriate in connection with this motion, including (a) holding parties in contempt, (b) awarding sanctions, including compensatory damages and attorneys' fees and (c) awarding punitive sanctions; and (3) granting such other relief as is appropriate.

<u>**CERTIFICATE OF EXIGENT CIRCUMSTANCES**</u>

**I HEREBY CERTIFY** that an emergency hearing has been requested, since the relief requested is critical to the administration of this estate and to the Debtors' business operations.

Dated October 8, 2018

Respectfully Submitted,

**SHRAIBERG, LANDAU & PAGE, P.A.**
Attorneys for the Debtors
2385 NW Executive Center Drive, #300
Boca Raton, Florida 33431
Telephone: 561-443-0800
Facsimile: 561-998-0047
pdorsey@slp.law

By: /s/ Patrick Dorsey
     Patrick Dorsey
     Florida Bar No. 0085841

## ATTORNEY CERTIFICATION

**I HEREBY CERTIFY** that I am admitted to the Bar of the United States District Court for the Southern District of Florida and I am in compliance with the additional qualifications to practice in this Court set forth in Local Rule 2090-1(A).

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was furnished by Notice of Electronic Filing via CM/ECF to all parties registered to receive such notice, and by email and First Class U.S. Mail to Bank of America c/o The Noa Law Firm, P.A., P.O. Box 941958, Miami, FL 33194 (e-service@noalawfirm.com), and Robert Stein, Esq., 100 SE 2 St., No. 2900, Miami, FL 33131 (rstein@rvmrlaw.com) on October 8, 2018.

By:  /s/ Patrick Dorsey
          Patrick Dorsey

{2244/000/00417315}

# EXHIBIT A

IN THE CIRCUIT COURT OF THE 17TH
JUDICIAL CIRCUIT IN AND FOR
BROWARD COUNTY, FLORIDA

GENERAL CIVIL DIVISION

LAS OLAS RIVERFRONT, LP,            CASE NO:  CACE-13-25993 (DIV. 08)

      Plaintiff,

vs.                                 **FINAL JUDGMENT AFTER DEFAULT**

FRANK THEATERS MANAGEMENT,
LLC,

      Defendant.

_____/

THIS CAUSE came on before the Court, without hearing, on *Plaintiff's Ex Parte Motion for Entry of Final Judgment after Default* (the "Motion").  The Court, having review (i) the Motion; (ii) the July 11, 2017 Settlement Agreement; (iii) the Affidavit of Jason R. Block, Esq. filed in support of the Motion; and (iv) being otherwise duly advised in the premises, it is,

**ORDERED AND ADJUDGED that:**

1.    The Motion is hereby GRANTED.

2.    Plaintiff, Las Olas Riverfront, LP, a Delaware limited partnership ("Plaintiff"), whose principal address is 2434 E. Las Olas Blvd., Fort Lauderdale, Florida 33301, shall recover of and from defendant, Frank Theaters Management, LLC, a Delaware limited liability company, whose last known address is c/o Corporation Service Company, 251 Little Falls Drive, Wilmington, DE 19808, and from guarantor, Frank Entertainment Companies LLC, a Delaware limited liability company ("Guarantor"), whose last known address is c/o Corporation Service Company, 251 Little Falls Drive, Wilmington, DE 19808, jointly and severally, the principal

sum of $55,000.00, that shall bear interest at 5.72% per annum, for all of which let execution issue forthwith.

3.     It is further ordered and adjudged that the judgment debtors, Frank Theaters Management, LLC, a Delaware limited liability company, and Frank Entertainment Companies, LLC, a Delaware limited liability company, shall each complete under oath Florida Rule of Civil Procedure Form 1.977 (Fact Information Sheet), including all required attachments, and serve it on the judgment creditor's attorney, or the judgment creditor if the judgment creditor is not represented by an attorney, within 45 days from the date of this Final Judgment, unless the Final Judgment is satisfied or post-judgment discovery is stayed.  Jurisdiction of this case is retained to enter further orders that are proper to compel the judgment debtors to complete form 1.977, including all required attachments, and serve it on the judgment creditor's attorney, or the judgment creditor if the judgment creditor is not represented by an attorney.

4.     The Court retains jurisdiction to tax Defendant, Frank Theaters Management, LLC, a Delaware limited liability company, and guarantor, Frank Entertainment Companies, LLC, a Delaware limited liability company, with payment of Plaintiff's attorneys' fees and costs.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this ___ day of May 2018.

_____
CIRCUIT JUDGE

Copies furnished to:
-Jason R. Block, Esq., servicejasonblock@rvmrlaw.com, djuarez@rvmrlaw.com
--Brian M. Becher, Esq., bbecher@fwblaw.net, rbyrnes@fwblaw.net

CACE13025993 05-30-2018 11:16 AM

Electronically Signed by Haimes, David A CACE13025993 05-30-2018 11:16 AM

# EXHIBIT B

Filing # 73000846 E-Filed 06/04/2018 09:26:59 AM



IN THE CIRCUIT COURT OF THE 17TH
JUDICIAL CIRCUIT IN AND FOR
BROWARD COUNTY, FLORIDA

GENERAL CIVIL DIVISION

LAS OLAS RIVERFRONT, LP,                    CASE NO:  CACE-13-25993 (DIV. 08)

      Plaintiff,

vs.

FRANK THEATER MANAGEMENT,              <u>**WRIT OF GARNISHMENT**</u>
LLC,

      Defendant.

_____/

THE STATE OF FLORIDA:
To Each Sheriff of the State:

    YOU ARE COMMANDED to summon the garnishee, Bank of America, N.A., c/o CT
Corporation System, 1200 South Pine Island Boulevard, Plantation, Florida 33324 to serve an answer
to this writ on Jason R. Block, Esq., Rennert Vogel Mandler & Rodriguez, P.A., Judgment Creditor's
attorney, whose address is 100 S.E. 2nd Street, Suite 2900, Miami, Florida 33131, telephone (305)
577-4165, within 20 days after service on the garnishee, exclusive of the day of service, and to file
the original with the clerk of this court either before service on the attorney or immediately
thereafter, stating whether the garnishee is indebted to Judgment Debtor, Frank Theaters
Management, LLC, a Delaware limited liability company, at the time of the answer or was indebted
at the time of service of the writ, or at any time between such times, and in what sum and what
tangible and intangible personal property of the Judgment Debtor, Frank Theaters Management,
LLC, a Delaware limited liability company, the garnishee is in possession or control of at the time of
the answer or had at the time of service of this writ, or at any time between such times, and whether
the garnishee knows of any other person indebted to the Judgment Debtor or who may be in
possession or control of any of the property of the Judgment Debtor. The amount set in Judgment
Creditor's motion is $55,000.00, plus interest from the Judgment Date, *i.e.,* May 30, 2018.

    Dated this ____       JUN 14 2018

                BRENDA D. FORMAN
                As Clerk of the Court

                By: _____
                     As Deputy Clerk

                     BRENDA D. FORMAN

Filing # 73000846 E-Filed 06/04/2018 09:26:59 AM



IN THE CIRCUIT COURT OF THE 17TH
JUDICIAL CIRCUIT IN AND FOR
BROWARD COUNTY, FLORIDA

GENERAL CIVIL DIVISION

LAS OLAS RIVERFRONT, LP,                    CASE NO:  CACE-13-25993 (DIV. 08)

      Plaintiff,

vs.

FRANK THEATER MANAGEMENT,                    **WRIT OF GARNISHMENT**
LLC,

      Defendant.

_____/

THE STATE OF FLORIDA:
To Each Sheriff of the State:

    YOU ARE COMMANDED to summon the garnishee, Bank of America, N.A., c/o CT
Corporation System, 1200 South Pine Island Boulevard, Plantation, Florida 33324 to serve an answer
to this writ on Jason R. Block, Esq., Rennert Vogel Mandler & Rodriguez, P.A., Judgment Creditor's
attorney, whose address is 100 S.E. 2nd Street, Suite 2900, Miami, Florida 33131, telephone (305)
577-4165, within 20 days after service on the garnishee, exclusive of the day of service, and to file
the original with the clerk of this court either before service on the attorney or immediately
thereafter, stating whether the garnishee is indebted to Judgment Debtor, Frank Theaters
Management, LLC, a Delaware limited liability company, at the time of the answer or was indebted
at the time of service of the writ, or at any time between such times, and in what sum and what
tangible and intangible personal property of the Judgment Debtor, Frank Theaters Management,
LLC, a Delaware limited liability company, the garnishee is in possession or control of at the time of
the answer or had at the time of service of this writ, or at any time between such times, and whether
the garnishee knows of any other person indebted to the Judgment Debtor or who may be in
possession or control of any of the property of the Judgment Debtor. The amount set in Judgment
Creditor's motion is $55,000.00, plus interest from the Judgment Date, *i.e.*, May 30, 2018.

    Dated this ____      JUN 14 2018


                        BRENDA D. FORMAN
                        As Clerk of the Court


                        By: _____
                           As Deputy Clerk

                                      BRENDA D. FORMAN

(5) Copies of all checks written by Frank Theatres drawn on each account, including account number with the last four digits 0339, that is and/or was opened for account holder Frank Theatres between January 1, 2018 through the date of Bank of America, N.A.'s response to this subpoena.

These items will be inspected and may be copied at that time. You will not be required to surrender the original items. You may comply with this subpoena by providing legible copies of the items to be produced to the attorney whose name appears on this subpoena on or before the scheduled date of production. You may condition the preparation of the copies upon the payment in advance of the reasonable cost of preparation. You may mail or deliver the copies to the attorney whose name appears on this subpoena and thereby eliminate your appearance at the time and place specified above. You have the right to object to the production pursuant to the subpoena at any time before production by giving written notice to the attorney whose name appears on this subpoena.

**IF YOU FAIL TO:**

1.  appear as specified; or
2.  furnish the records instead of appearing as provided above; or
3.  object to this subpoena,

you may be in contempt of court. You are subpoenaed to appear by the following attorney and unless excused from this subpoena by the attorney, or the court, you shall respond to this subpoena as directed.

DATED this 14th day of June, 2018.

BRENDA D. FORMAN
As Clerk of the Court

By:____/s/ Jason R. Block_____
Jason R. Block
For the Court

Jason R. Block
Florida Bar No. 0649279
Rennert Vogel Mandler & Rodriguez, P.A.
Attorneys for Las Olas Riverfront, LP
100 S.E. 2nd Street, Suite 2900
Miami, Florida 33131-2131
Phone: (305) 577-4177

Filing # 75936544 E-Filed 08/03/2018 10:31:04 AM

IN THE CIRCUIT COURT OF THE 17TH
JUDICIAL CIRCUIT IN AND FOR
BROWARD COUNTY, FLORIDA

GENERAL CIVIL DIVISION

LAS OLAS RIVERFRONT, LP,                    CASE NO: CACE-13-25993 (DIV. 08)

     Plaintiff,

vs.

FRANK THEATER MANAGEMENT,                   **WRIT OF GARNISHMENT**
LLC,

     Defendant.

_____/          # RUSH

THE STATE OF FLORIDA:
To Each Sheriff of the State:

     YOU ARE COMMANDED to summon the garnishee, Bank of America, N.A., c/o CT Corporation System, 1200 South Pine Island Boulevard, Plantation, Florida 33324 to serve an answer to this writ on Jason R. Block, Esq., Rennert Vogel Mandler & Rodriguez, P.A., Judgment Creditor's attorney, whose address is 100 S.E. 2nd Street, Suite 2900, Miami, Florida 33131, telephone (305) 577-4165, within 20 days after service on the garnishee, exclusive of the day of service, and to file the original with the clerk of this court either before service on the attorney or immediately thereafter, stating whether the garnishee is indebted to Judgment Debtor, Frank Theaters Management, LLC, a Delaware limited liability company, at the time of the answer or was indebted at the time of service of the writ, or at any time between such times, and in what sum and what tangible and intangible personal property of the Judgment Debtor, Frank Theaters Management, LLC, a Delaware limited liability company, the garnishee is in possession or control of at the time of the answer or had at the time of service of this writ, or at any time between such times, and whether the garnishee knows of any other person indebted to the Judgment Debtor or who may be in possession or control of any of the property of the Judgment Debtor. The amount set in Judgment Creditor's motion is $55,000.00, plus interest from the Judgment Date, *i.e.*, May 30, 2018.

     Dated this _____.        AUG 03 2018

                           BRENDA D. FORMAN
                           As Clerk of the Court

                           By: _____
                                As Deputy Clerk

                                   BRENDA D. FORMAN

# EXHIBIT C

Filing # 74001327 E-Filed 06/22/2018 04:45:34 PM

LAS OLAS RIVERFRONT, LP,
     Plaintiff(s),

vs.

FRANK THEATER MANAGEMENT, LLC,
     Defendant(s),

and
BANK OF AMERICA, N.A.,
     Garnishee

_____/

IN THE CIRCUIT COURT OF THE
17TH JUDICIAL CIRCUIT IN AND FOR
BROWARD COUNTY, FLORIDA

GENERAL CIVIL DIVISION
CASE NO.:   CACE-13-25993 (DIV. 08)

ANSWER OF GARNISHEE AND
DEMAND TO PLAINTIFF FOR
PAYMENT OF ATTORNEY'S FEES

     Garnishee, BANK OF AMERICA, N.A., by its undersigned attorney, Answers the Writ of Garnishment served on it as follows:

     1.    At the time of the service of the Writ of Garnishment, plus sufficient time not to exceed one business day for Garnishee to act expeditiously on the Writ,  and at the time of its Answer and at all times between service and its Answer, Garnishee's records reflect the following account(s) which may be subject to the Writ of Garnishment:

| Account Number(s) | Name on Account |
|---|---|
| xxxx-xxxx▮ | Frank Theatres Management, LLC<br>1003 W. Indiantown Rd., Ste. 210<br>Jupiter, FL 33458-6851 |
| xxxx-xxxx▮ | Frank Theatres Management, LLC<br>Credit Card Collection Account<br>1003 W. Indiantown Rd., Ste. 210<br>Jupiter, FL 33458-6851 |
| xxxx-xxxx▮ | Frank Theatres Management, LLC<br>Payroll Account<br>1003 W. Indiantown Rd., Ste. 210<br>Jupiter, FL 33458-6851 |

     2.    Pursuant to provisions of Sections 77.06 (2) and (3) of Florida Statutes, and subject to Court determination of the proper disposition of proceeds of the above account(s), Garnishee in good faith has set aside the following sums:

| Account Number(s) | Amount Set Aside |
|---|---|
| xxxx-xxxx▮ | $59,541.94 |
| xxxx-xxxx-▮ | -0- |
| xxxx-xxxx▮ | $958.06 |

# EXHIBIT D



Reply to:
Patrick Dorsey
Direct: (561) 443-0813
Email: pdorsey@slp.law
2385 NW Executive Center Dr., Suite 300
Boca Raton, FL 33431

September 25, 2018

**Delivered via U.S. Mail and E-Mail**

Bank of America, N.A.
c/o The Noa Law Firm, P.A.
P.O. Box 941958
Miami, FL 33194
e-service@noalawfirm.com

Re: Frank Theatres Management, LLC

To whom it may concern:

On August 17, 2018 (the "Petition Date") Frank Theatres Management, LLC (the "Debtor") filed a voluntary petition for relief under chapter 11 of the United States Bankruptcy Code, Case No. 18-20022-EPK. The Debtor's case is pending in the United States Bankruptcy Court for the Southern District of Florida and is jointly administered with the bankruptcy case *In re Frank Investments, Inc.*, Case No. 18-20019-EPK.

My office is bankruptcy counsel for the Debtor. It has come to my attention that, prior to the Petition Date, Bank of America, N.A. ("BOA") froze several bank accounts titled in the name of the Debtor, and which end in 7698, 5130 and 5896 (the "Accounts"). BOA froze the accounts in response to writs of garnishment entered in the case styled *Las Olas Riverfront, LP v. Frank Theatres Management, LLC*, Case No. CACE 13-25993, which is pending in the Circuit Court of the Seventeenth Judicial Circuit in and for Broward County, Florida.

A copy of an adversary complaint filed by the Debtor in the bankruptcy case, which includes copies of the writs of garnishment and BOA's answers thereto, is enclosed for your review.

Upon the filing of a bankruptcy petition, an estate is created that consists of substantially all property of the debtor. Additionally, upon the filing of the petition, an automatic stay comes into effect that prohibits substantially all collection activities against the debtor or its estate. The stay prohibits any action, *inter alia*, to continue a judicial proceeding against the debtor, to

{2244/000/00416555}

enforce a judgment against the debtor, to obtain possession of property of the estate or to exercise control over property of the estate, or any act to enforce a lien against property of the debtor. *See* 11 U.S.C. § 362(a)(1)–(6).

The continued freeze of the Accounts by BOA constitutes a violation of the automatic stay.  Among other things, BOA is exercising control over property of the estate in violation of 11 U.S.C. § 362(a)(3).

The Debtor hereby demands that BOA immediately release its freeze on the Accounts, restore all funds that were in the Accounts as of their garnishment to the Debtor, and otherwise crease its violation of the automatic stay.  Failure to do so will result in the Debtor filing a motion for contempt for violation of the automatic stay with the bankruptcy court.

Please govern yourself accordingly

Sincerely,

Shraiberg, Landau & Page, P.A.

By: _____
Patrick Dorsey, Esq.

cc:     Robert Stein, Esq.
        100 S.E. 2 St., No. 2900
        Miami, FL 33131
        rstein@rvmrlaw.com

encl.