UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

In re:                                                    Lead Case No. 18-20019-EPK

FRANK INVESTMENTS, INC., *et al*.,                        Chapter 11
                                                          (Jointly Administered)
        Debtors.
_____/

**LAS OLAS RIVERFRONT, LP'S RESPONSE TO FRANK THEATRES MANAGEMENT, LLC'S *EMERGENCY MOTION FOR CONTEMPT FOR VIOLATION OF THE AUTOMATIC STAY* [D.E. 65]**

Defendant[1], Las Olas Riverfront, LP ("Defendant"), through counsel, hereby responds to Plaintiff, Frank Theaters Management, LLC's ("Plaintiff") *Emergency Motion for Contempt for Violation of the Automatic Stay* (the "Emergency Motion") [D.E. 65], and says:

**I. Introduction.**

On May 30, 2018, a Final Judgment After Default (the "Final Judgment") was entered in the Circuit Court for the 17th Judicial Circuit in and for Broward County, Florida, against Plaintiff and in favor of Defendant in the principal amount of $55,000.00, which bears interest at 5.72% per annum.  *See* Exhibit "A" to Plaintiff's *Adversary Complaint* (the "Complaint") [D.E. 1 in Case No. 18-17840-EPK] and Exhibit "A" to the Emergency Motion.

---

[1] The use of the terms "Defendant" and "Plaintiff" reflect the statuses of the parties with in Adversary Case No.: 18-01352-EPK.

Case 18-20019-EPK   Doc 81   Filed 10/15/18   Page 2 of 7

Las Olas Riverfront, LP.'s Response to Frank Theatres Managements, LLC's,
*Emergency Motion for Contempt for Violation of the Automatic Stay* [D.E. 65]
Case No.: 18-01352-EPK
Page 2 of 7

Thereafter, in pursuit of collection of the Final Judgment, Defendant caused its first Writ of Garnishment (the "First Writ") to be served on garnishee, Bank of America, N.A. ("BOA"). On June 25, 2018, BOA served its Amended Answer to the First Writ representing that an aggregate of $71,473.00 was frozen. *See* Exhibit "C" to the Complaint.

In response, on July 16, 2018, Plaintiff filed an "*Objection to Writ of Garnishment and Motion to Dissolve Writ of Garnishment* (the "Motion to Dissolve"). *See* Exhibit "1". Pursuant to the Motion to Dissolve, Plaintiff represented that Plaintiff "does not own any part of the garnished funds." *See* ¶¶ 9 and 17-25 of Exhibit "1". Additionally, Plaintiff filed a "*Notice of Filing*" an "*Affidavit Claiming Ownership of Garnished Funds by Third Parties Pursuant to §77.16, Florida Statutes*" wherein multiple affiliate companies attest that they, and not Plaintiff, own the subject $71,473.00 garnished funds. *See* Exhibit "2".

In light of Plaintiff's position, Defendant caused a second Writ of Garnishment to be served on BOA and, on August 7, 2018, BOA served its answer to the second writ (the "Second BOA Answer to Writ"). Pursuant to the Second BOA Answer to Writ, BOA represented that an aggregate of $104,816.67 of funds were frozen. *See* Exhibit "C" to the Complaint. Plaintiff did not file a response to the Second BOA Answer to Writ. Instead, Plaintiff commenced this Chapter 11 proceeding.

Case 18-20019-EPK    Doc 81    Filed 10/15/18    Page 3 of 7

Las Olas Riverfront, LP.'s Response to Frank Theatres Managements, LLC's,
*Emergency Motion for Contempt for Violation of the Automatic Stay* [D.E. 65]
Case No.: 18-01352-EPK
Page 3 of 7

On October 8, 2018, Plaintiff filed the Emergency Motion seeking entry of an order unfreezing the garnished fund and for issuance of contempt/sanctions resulting from alleged violations of the automatic stay. Plaintiff seeks such relief so that it can file a motion to use the garnished funds as "cash collateral". This Court should deny the Emergency Motion since (i) Defendant has a prepetition perfected statutory lien over the garnished funds; and (ii) Plaintiff has already taken the position multiple times in court (through the Motion to Dissolve filed in state court and also in the Complaint filed in this Adversary proceeding) that Plaintiff does not own the garnished funds.

## II. Argument.

### A. Defendant is not required to consent to a release of its statutory lien.

Plaintiff admits that Defendant's garnishment actions creates a statutory lien in favor of Defendant on the frozen funds. *See* p. 4 of Emergency Motion ("Thus, [Defendant] has a statutory lien on the Accounts pending resolution of the Adversary Proceeding"). Therefore, pursuant to clear case law, Defendant has not violated the automatic stay by refusing to consent to Plaintiff's requests. *See In re Lastra,* 2005 WL 2445468 (Bank. S.D. Fla. 2005); *In re Giles,* 271 B.R. 903 (Bank. M.D. Fla. 2002).

*In re Lastra* is factually analogous to this case. In both instances, after filing its bankruptcy petition, the plaintiff/debtor made demand upon the

Case 18-20019-EPK   Doc 81   Filed 10/15/18   Page 4 of 7

Las Olas Riverfront, LP.'s Response to Frank Theatres Managements, LLC's,
*Emergency Motion for Contempt for Violation of the Automatic Stay* [D.E. 65]
Case No.: 18-01352-EPK
Page 4 of 7

defendant/judgment creditor to release the garnishment in light of the automatic stay. Judge Mark's held in *In re Lastra*:

> that service of the writ of garnishment, prior to the bankruptcy petition, created a statutory lien right in the Creditor and, therefore, the court concludes that the Creditor's refusal to dissolve the writ of garnishment and release its lien did not violate the automatic stay. Therefore, the Debtor is not entitled to sanctions against the Creditor.

*Id.*

Here, Defendant perfected its statutory lien by Defendant's prepetition garnishment of Plaintiff's bank accounts. Therefore, Defendant's "refusal" to consent to a release of the garnished funds does not in any way constitute a violation of the automatic stay.

*In re Giles* also strongly supports that Defendant is not required to consent to a release of the garnishments. 271 B.R. at 905-06. The court there held:

> [i]n this case, the violation of the automatic stay alleged by the Debtor is the failure of a creditor to release a garnished account to the detriment of lien rights. Under such circumstances, the court concludes that the creditor's refusal to release its lien did not violate the automatic stay. It follows, therefore, that the Debtor is not entitled to sanctions…

*Id.* at 906. It is clear that Defendant's right to refuse to a release of the garnished funds is proper because Plaintiff's rights to the funds, if any, are subordinate to

Case 18-20019-EPK    Doc 81    Filed 10/15/18    Page 5 of 7

Las Olas Riverfront, LP.'s Response to Frank Theatres Managements, LLC's,
*Emergency Motion for Contempt for Violation of the Automatic Stay* [D.E. 65]
Case No.: 18-01352-EPK
Page 5 of 7

Defendant's lien. *Id.* at. 906. Therefore, this Court should deny the Emergency Motion.

### B. Plaintiff Does Not Claim Ownership of the Subject Funds.

Plaintiff filed the Emergency Motion in hopes that the Court will order a release of the garnished funds, thereby permitting Plaintiff an ability to file a motion seeking to use the garnished funds as cash collateral. Plaintiff acknowledges that it cannot file a motion to use cash collateral without either (i) Defendant's consent; or (ii) an order entered granting the Emergency Motion. *See* p. 3 of Emergency Motion.

Cash collateral is defined as "cash . . . in which the estate and an entity other than the estate have an interest." 11 U.S.C.A. §363(a). Here, by contrast, Plaintiff has repeatedly represented that it *disclaims* ownership of the garnished funds. Although Defendant disputes Plaintiff's disclaimer, Plaintiff clearly should not be permitted to use the garnished funds as cash collateral without an admission by Plaintiff that it owns such funds. Despite requests made by Defendant for Plaintiff to withdraw its claim to lack of ownership, Plaintiff has refused to do so. Therefore, the Emergency Motion should be denied since Plaintiff cannot credibly claim an interest in the garnished funds.

Case 18-20019-EPK    Doc 81    Filed 10/15/18    Page 6 of 7

**Las Olas Riverfront, LP.'s Response to Frank Theatres Managements, LLC's,**
*Emergency Motion for Contempt for Violation of the Automatic Stay* **[D.E. 65]**
**Case No.: 18-01352-EPK**
**Page 6 of 7**

### III. Conclusion.

The Court should deny the Emergency Motion since (i) Defendant has a perfected prepetition statutory lien right over the garnished funds; and (ii) Plaintiff disclaims ownership over the subject funds.

>RENNERT VOGEL MANDLER & RODRIGUEZ, P.A.
>Attorneys for Las Olas Riverfront, LP
>Miami Tower, Suite 2900
>100 S.E. Second Street
>Miami, Florida 33131
>Telephone (305) 577-4177
>Facsimile  (305) 373-6036
>
>By    /s/ Robert M. Stein
>    Jason R. Block
>    Florida Bar No. 649279
>    Robert M. Stein
>    Florida Bar No. 093936

Case 18-20019-EPK    Doc 81    Filed 10/15/18    Page 7 of 7

Las Olas Riverfront, LP.'s Response to Frank Theatres Managements, LLC's,
*Emergency Motion for Contempt for Violation of the Automatic Stay* **[D.E. 65]**
Case No.: 18-01352-EPK
Page 7 of 7

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on October 15, 2018, the foregoing was filed electronically with the Clerk of the Court using CM/ECF which will send notice of electronic filing to all counsel of record.

## CERTIFICATE OF COMPLIANCE

**I HEREBY CERTIFY** that I am admitted to the Bar of the United States District Court for the Southern District of Florida and I am in compliance with the additional qualifications to practice in this court set forth in Local Rule 2090-1(A)

By     /s/ Robert M. Stein
               Robert M. Stein