UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

In re:

FRANK INVESTMENTS, INC., *et al.*,    Lead Case No. 18-20019-EPK

    Debtors.    Chapter 11
                                                   (Jointly Administered)

_____/

### *EXPEDITED* MOTION FOR ORDER AUTHORIZING DEBTORS TO OBTAIN POST-PETITION FINANCING

**\* Expedited Hearing Requested Pursuant to Local Rule 9013-1(F) \***

**Basis for Expedited Relief**

**The Debtors require financing on an expedited basis in order to meet their postpetition obligations, and preserve their value for creditors as a going concern. The Debtors respectfully request that this matter be set for hearing on an expedited basis on or before February 21, 2019.**

    Debtors in Possession, Frank Investments Inc., a New Jersey corporation ("FI New Jersey"), Frank Entertainment Company, LLC ("FEC") and Frank Investments, Inc., a Florida corporation ("FI Florida") (the "Debtors"), pursuant to 11 U.S.C. §§ 105 and 364, and Fed. R. Bankr. P. 4001(c), respectfully move the Court for authorization to obtain post-petition financing from The Bancorp Bank ("Bancorp").

### BACKGROUND

    1.    FI New Jersey and FEC each filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code on August 17, 2018. FI Florida filed a voluntary chapter 11 petition on January 31, 2019.

    2.    The Debtors are operating their businesses and managing their affairs as debtors in possession. No trustee, examiner, or statutory committee has been appointed.

{2277/000/00434179}

3. Prior to their petition dates, the Debtors were part of a group of affiliated companies that owned and operated movie theaters and similar commercial properties.

4. The Debtors are obligors on a consolidated 2014 note, security agreement and related loan documentation in favor of The Bancorp Bank ("Bancorp"), in the original principal amount of $19.5 million. Bancorp holds security interests in most of the assets of the Debtors, including certain real properties owned by FI New Jersey and a leasehold interest held by FI Florida. Upon information and belief, the Debtors lack equity in the property comprising Bancorp's collateral. *See generally* Proof of Claim No. 25 (Bancorp claim), ECF No. 50 (FI New Jersey schedules), ECF No. 29 in Case No. 18-20023-EPK (FEC schedules) and ECF No. 15 in Case No. 19-11454-EPK (FI Florida case management summary).

5. The Debtors require financing in order to meet various postpetition obligations and preserve their value as a going concern. In particular, FI Florida is a tenant at real property located at Water Tower Square, 751 Horsham Road, Lansdale, Pennsylvania 19446 (the "Property"). Upon information and belief the fee simple owner of the Property is third-party, Water Tower Square Associates (the "Landlord"), and FI Florida is obligated to pay the Landlord approximately $11,000.00 per month under the lease between the parties (the "Lease").

6. In addition to the Lease, FI Florida anticipates average monthly expenses of $3,000 associated with the Property, which consist of electric, water and sewer and alarm monitoring payments.

7. Moreover, the Debtors require general liability insurance for the purposes of insuring: (a) the Property, (b) real properties owned by FI New Jersey, and (c) real properties owned or operated by subsidiaries of FEC. Upon information and belief, the monthly payment for such insurance shall be approximately $6,000.00.

8. A budget summarizing the foregoing expenses (the "Budget") is as follows:

- Rent Under the Lease           $11,000
- Misc. Property Expenses        $3,000
- Liability Insurance            $6,000
- **Total**                      **$20,000**

9. In light of these expenses, the Debtors seek to obtain debtor in possession financing from Bancorp pursuant to the following terms (the "DIP Financing"):

- Bancorp shall immediately disburse forty thousand dollars ($40,000.00) to the debtor in possession bank account of FI Florida, to pay the expenses associated with the Budget for February and March 2019.

- Thereafter, on or before the fifteenth (15th) day of each calendar month, Bancorp shall disburse twenty thousand dollars ($20,000.00) to the debtor in possession bank account of FI Florida, to pay the expenses associated with the Budget for the subsequent month. For example, Bancorp will disburse $20,000.00 to FI Florida on or before March 15, 2019, in order to pay Budget expenses for April 2019.

- The Debtors are authorized: (a) to exceed any line item on the Budget by an amount equal to ten (10%) percent of each such line item; or (b) to exceed any line item by more than ten (10%) percent so long as the total of all amounts in excess of all line items for the Budget do not exceed ten (10%) percent in the aggregate of the total Budget.

- Absent the consent of Bancorp or an order of the Court, the Debtors are forbidden to use the monies disbursed by Bancorp for purposes other than those set forth in the Budget.

- The Debtors are not jointly and severally liable under the DIP Financing. Rather, FI Florida shall be liable only for the DIP Financing applied to expenses associated with the Property, including Lease Payments. FEC shall be liable only for the DIP Financing applied to liability insurance that is associated with FEC, its subsidiaries and real properties owned or operated by such entities. FI New Jersey shall be liable only for the DIP Financing applied to liability insurance that is associated with the real properties owned or operated by FI New Jersey.

- Funds disbursed by Bancorp under the DIP Financing shall accrue interest at the rate of three percent (3.0%) per annum.

- The DIP Financing shall be unsecured and allowable under 11 U.S.C. § 503(b)(1) as an administrative expense.

- The respective indebtedness of FI New Jersey, FEC and FI Florida under the DIP Financing shall become due and owing upon the earliest of the following events: (1) confirmation of a chapter 11 plan, (2) appointment of a chapter 11 trustee, (3) dismissal of the case and (4) conversion of the case to chapter 7.  For purposes of clarification, the occurrence of such an event for one Debtor does not result in the indebtedness of the remaining Debtors becoming due and owing.

- Absent the consent of Bancorp or an order of the Court, the aggregate principal amount of the DIP Financing shall not exceed one-hundred and twenty thousand dollars ($120,000.00).

- Within ten days of an interim order approving the DIP Financing, FI Florida shall file an application to employ (1) Fred Meyer and NAI Mertz or (2) Paul Striefsky and Coldwell Banker Argus Real Estate, as a broker to market the Lease.  If FI Florida cannot agree to terms of engagement with the foregoing persons, it may file an application to employ a separate broker that is subject to the approval of Bancorp.

10. The Debtors request that the Court approve the DIP Financing.

## ARGUMENT

Section 364(b) of the Bankruptcy Code states, "The court, after notice and a hearing, may authorize the trustee [or debtor in possession] to obtain unsecured credit or to incur unsecured debt other than under subsection (a) of this section [i.e. outside of the ordinary course of business], allowable under section 503(b)(1) of this title as an administrative expense."  11 U.S.C. § 364(b).  "The standards for authorizing a trustee to incur debt under section 364(b) so that it is allowable as an expense of administration under section 503(b)(1) are found in the latter section.  Other than certain taxes and tax-related debt…only the 'actual, necessary costs and expenses of preserving the estate' are allowable as administrative expenses.  An order granting pursuant to section 364(b) must be supported by such a finding."  *In re Club Dev. & Mgmt. Corp.*, 27 B.R. 610, 611–12 (9th Cir. B.A.P. 1982) (citations omitted).  Provided that an agreement to obtain credit does not run afoul of the provisions of, and policies underlying, the Bankruptcy Code, courts grant a debtor

{2277/000/00434179}

4

considerable deference in acting in accordance with its reasonable business judgment. *See In re YL W. 87th Holdings I LLC*, 423 B.R. 421, 441 (Bankr. S.D.N.Y. 2010) ("Courts have generally deferred to a debtor's business judgment in granting section 364 financing.").

The Debtors respectfully submit that the DIP Financing is a reasonable exercise of their business judgment and is an actual, necessary cost of preserving their bankruptcy estates. Again, the DIP Financing is being used to pay: (1) liability insurance, which is critical for the Debtors to remain in bankruptcy and protect their prepetition creditors, and (2) expenses associated with the Property, in which FI Florida owns a leasehold interest. Without the liquidity provided by the DIP Financing, the Debtors will be unable to pay for day-to-day operations and preserve their going concern value. The financing is essential to preserving assets, such as the leasehold interest, for the benefit of creditors.

11. Additionally, Bancorp is extending financing to the Debtor in good faith and, therefore, should be accorded the protections of § 364(e) of the Bankruptcy Code.

12. A proposed order granting this motion is attached as **Exhibit "A"**.

### INTERIM RELIEF REQUESTED

13. Under Fed. R. Bankr. P. 4001(c)(2), the Court may conduct a final hearing on a motion for authority to obtain debtor in possession financing no earlier than fourteen (14) days following service of the motion, but if requested, the Court may conduct an interim hearing within such interim period and authorize obtainment of credit to the extent necessary to avoid imminent and irreparable harm to the estate pending a final hearing.

14. The Debtors request that the Court conduct an emergency interim hearing and authorize the DIP Financing on an interim basis to enable them to pay: (a) postpetition obligations under the Lease and (b) payments sufficient to procure liability insurance prior to the final hearing.

{2277/000/00434179}

*See* 11 U.S.C. § 365(d)(3) (requiring trustee to timely perform all obligations of the debtor under an unexpired lease of nonresidential real property, until the lease is assumed or rejected). The Debtors will not use the DIP Financing to pay for any additional expenses prior to the final hearing on the Motion.

15. Absent immediate financing, the Debtors will suffer immediate and irreparable harm because the Debtors will be unable to pay the anticipated operating expenses incurred in the ordinary course of business.

**WHEREFORE,** the Debtors respectfully requests that the Court enter an Order: (1) authorizing the Debtors to obtain the DIP Financing from Bancorp pursuant to the terms set forth *supra*; (2) authorizing the funds provided under the proposed financing to be unsecured administrative expenses, allowable under 11 U.S.C. § 503(b)(1); and (3) granting the Debtors such further relief as the Court deems appropriate and just.

Dated February 15, 2019

                                          Respectfully Submitted,

                                          **SHRAIBERG, LANDAU & PAGE, P.A.**
                                          Attorneys for the Debtors
                                          2385 NW Executive Center Drive, #300
                                          Boca Raton, Florida 33431
                                          Telephone: 561-443-0800
                                          Facsimile: 561-998-0047

                                          By: /s/   Patrick Dorsey
                                               Patrick Dorsey
                                             Florida Bar. No. 0085841
                                             pdorsey@slp.law

**ATTORNEY CERTIFICATION**

**I HEREBY CERTIFY** that I am admitted to the Bar of the United States District Court for the Southern District of Florida and I am in compliance with the additional qualifications to practice in this Court set forth in Local Rule 2090-1(A).

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was furnished via Notice of Electronic Filing to those parties registered to receive electronic noticing on February 15, 2019.

By: /s/   Patrick Dorsey_____
       Patrick Dorsey

# EXHIBIT A

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

In re:

FRANK INVESTMENTS, INC., *et al.*,   Lead Case No. 18-20019-EPK

   Debtors.   Chapter 11
   (Jointly Administered)

_____/

**INTERIM ORDER (I) GRANTING *EXPEDITED* MOTION
FOR ORDER AUTHORIZING DEBTORS TO OBTAIN
POST-PETITION FINANCING, AND (II) SCHEDULING FINAL HEARING**

**THIS MATTER** came before the Court for hearing on February _____, 2019, upon the *Expedited Motion for Order Authorizing Debtors to Obtain Post-Petition* Financing the "Motion") filed by Debtors in Possession, Frank Investments Inc., a New Jersey corporation ("FI New Jersey"), Frank Entertainment Company, LLC ("FEC") and Frank Investments, Inc., a Florida corporation ("FI Florida") (the "Debtors"). ECF No. _____.

The Court, having reviewed the Motion, having heard the statements of counsel, and being otherwise advised in the premises, hereby makes the following **FINDINGS OF FACT** for purposes of this Interim Order only:

{2277/000/00434183}

1

A. <u>Need for Postpetition Financing</u>.  The Debtors have demonstrated the need to obtain postpetition financing pursuant to § 364 of the Bankruptcy Code.  The Debtors assert that in the absence of the postpetition financing set forth in the Motion, which is to be provided by The Bancorp Bank ("<u>Bancorp</u>" or the "<u>Lender</u>"), the Debtors will be unable to successfully reorganize or sell substantially all of their assets as a going concern, to the detriment of the Debtors, their estate, their creditors, and other parties in interest.  The Debtors assert that they do not have sufficient working capital and other financing available to fund their operating businesses, maintain estate property, and administer their cases.

B. <u>Benefit to the Estates and Reasonable Exercise of Business Judgment</u>.  Given the Debtors' current financial condition and need for liquidity, the proposed financing represents an actual, necessary cost and expense of preserving the estate within the meaning of 11 U.S.C. § 503(b)(1).  The Debtors are exercising their business judgment in a reasonable manner by obtaining the financing.

C. <u>Immediate or Irreparable Damage</u>.  Owing to the urgent need of funding to pay postpetition rent and other expenses, immediate and irreparable damage will be caused to the estates if immediate interim relief is not granted before a final hearing on the Motion (the "<u>Final Hearing</u>").

D. <u>Good Faith of Lender</u>.  The Lender is a "good faith" lender within the meaning of § 364(e) of the Bankruptcy Code, and the Lender's claims and other protections arising from or granted pursuant to this Order (the "<u>Interim Order</u>") will not be affected by any subsequent reversal, modification, vacatur or amendment of this Interim Order or any other order, as provided in § 364(e) of the Bankruptcy Code.

E.   Notice.  Notice of the Motion and the hearing was provided by the Debtors to, *inter alia*, the Debtor's secured creditors, the Debtors' twenty largest creditors within the United States, and the United States Trustee.  The Court finds that this notice was sufficient under the circumstances.

The Court having reviewed the Motion and being otherwise fully advised in the premises, hereby **ORDERS** that:

1. The Motion is **GRANTED** on an interim basis as set forth below.

2. The Debtors are authorized on an interim basis to obtain postpetition financing from the Lender in an aggregate amount of up to $_____, pursuant to § 364(b) Bankruptcy Code and to be used subject to the terms and conditions of this Interim Order (the "DIP Financing").

3. The monthly budget for the DIP Financing is as follows:[1]

   - Rent Under the Lease           $11,000
   - Misc. Property Expenses        $3,000
   - Liability Insurance            $6,000
   - **Total**                      **$20,000**

4. The terms of the DIP Financing are as follows:

   - Following the initial disbursement set forth in ¶ 3 hereinabove, on or before the fifteenth (15th) day of each calendar month, Bancorp shall disburse twenty thousand dollars ($20,000.00) to the debtor in possession bank account of FI Florida, to pay the expenses associated with the Budget for the subsequent month.  For example, Bancorp will disburse $20,000.00 to FI Florida on or before March 15, 2019, in order to pay Budget expenses for April 2019.

---

[1] Capitalized terms shall have the meanings ascribed to them in the Motion unless otherwise defined herein.

{2277/000/00434183}

3

- The Debtors are authorized: (a) to exceed any line item on the Budget by an amount equal to ten (10%) percent of each such line item; or (b) to exceed any line item by more than ten (10%) percent so long as the total of all amounts in excess of all line items for the Budget do not exceed ten (10%) percent in the aggregate of the total Budget.

- Absent the consent of Bancorp or an order of the Court, the Debtors are forbidden to use the monies disbursed by Bancorp for purposes other than those set forth in the Budget.

- The Debtors are not jointly and severally liable under the DIP Financing. Rather, FI Florida shall be liable only for the DIP Financing applied to expenses associated with the Property, including Lease payments. FEC shall be liable only for the DIP Financing applied to liability insurance that is associated with FEC, its subsidiaries and real properties owned or operated by such entities. FI New Jersey shall be liable only for the DIP Financing applied to liability insurance that is associated with the real properties owned or operated by FI New Jersey.

- Funds disbursed by Bancorp under the DIP Financing shall accrue interest at the rate of three percent (3.0%) per annum.

- The DIP Financing shall be unsecured and allowable under 11 U.S.C. § 503(b)(1) as an administrative expense.

- The respective indebtedness of FI New Jersey, FEC and FI Florida under the DIP Financing shall become due and owing upon the earliest of the following events: (1) confirmation of a chapter 11 plan, (2) appointment of a chapter 11 trustee, (3) dismissal of the case and (4) conversion of the case to chapter 7. For purposes of clarification, the occurrence of such an event for one Debtor does not result in the indebtedness of the remaining Debtors becoming due and owing.

- Absent the consent of Bancorp or an order of the Court, the aggregate principal amount of the DIP Financing shall not exceed one-hundred and twenty thousand dollars ($120,000.00).

- Within ten days of an interim order approving the DIP Financing, FI Florida shall file an application to employ (1) Fred Meyer and NAI Mertz or (2) Paul Striefsky and Coldwell Banker Argus Real Estate, as a broker to market the Lease. If FI Florida cannot agree to terms of engagement with the foregoing persons, it may file an application to employ a separate broker that is subject to the approval of Bancorp.

5. No obligation, payment or transfer or by the Debtors under this Interim Order shall be stayed, voidable, avoidable or recoverable under the Bankruptcy Code or under any applicable

{2277/000/00434183}

4

non-bankruptcy law (including without limitation, under §§ 502(d), 548 or 549 of the Bankruptcy Code or under any applicable state Uniform Fraudulent Transfer Act, Uniform Fraudulent Conveyance Act or similar statute or common law), or subject to any defense, reduction, setoff, recoupment or counterclaim.

6. If any provision of this Interim Order is hereafter modified, vacated, or stayed by subsequent order of this Court or any other court for any reason, the Lender is entitled to the protections provided in § 364(e) of the Bankruptcy Code.

7. Except as otherwise provided in this Interim Order, the terms and provisions of this Interim Order shall, immediately upon entry of this Interim Order by this Court, become valid and binding upon the Debtors, the Lender, all other creditors of the Debtors, any statutory committee appointed in this case, and all other parties in interest and their respective successors and assigns, including any trustee or other fiduciary hereafter appointed as a legal representative of the Debtors' estate in these cases or in any subsequent chapter 7 case.

8. The entry of this Interim Order constitutes the granting of temporary and interim relief pursuant to Rules 4001(c) and (d) of the Federal Rules of Bankruptcy Procedure, and a final hearing on this matter shall be held on **February _____, 2019, at \_\_\_:\_\_\_ \_\_\_.M** at the United States Bankruptcy Court, 1515 N. Flagler Drive, 8th Floor, Courtroom "B," West Palm Beach, Florida 33401 (the "Final Hearing").

9. Any party in interest objecting to the entry of a proposed Final Order or further Interim Order shall file written objections with the Clerk of the Court no later than 5:00 P.M. on **February \_\_\_\_\_, 2019** (the "Objection Deadline"), which objections shall be served so that the same are received on or before the Objection Deadline by the Debtors, the Lender and the Office of the United States Trustee.

{2277/000/00434183}

###

Submitted By:

Patrick Dorsey, Esq.
**SHRAIBERG, LANDAU & PAGE, P.A.**
Attorneys for the Debtor
2385 NW Executive Center Drive, Suite 300
Boca Raton, Florida 33431
Telephone: 561-443-0800
Facsimile: 561-998-0047
Email: pdorsey@slp.law

Patrick Dorsey, Esq. is directed to serve copies of this Order upon all interested parties and to file a certificate of service with the Court.