UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION
www.flsb.uscourts.gov

| | |
|---|---|
| In re:<br><br>FRANK INVESTMENTS, INC., et al.,<br><br>        Debtor. | Case No. 18-20019-EPK<br>Chapter 11<br>(Jointly Administered) |

**MURRELLS RETAIL ASSOCIATES, LLC'S MOTION TO CONVERT FRANK ENTERTAINMENT COMPANY INC.'S CHAPTER 11 CASE TO A CASE UNDER CHAPTER 7 OF THE BANKRUPTCY CODE AND REQUEST TO SHORTEN NOTICE**

**The Debtor, along with two other commonly owned companies that are also debtors in possession in cases jointly administered by this court, has moved for a second, 90 day extension of its time to file a Disclosure Statement and Plan of Reorganization and its exclusive periods to file a plan and solicit acceptances thereof. The Debtors' motion has been set for a hearing on March 27, 2018. In the event Murrell's motion to convert is granted, it will render the Debtors' request moot as to Frank Entertainment, Inc. Murrells requests that the hearing on this motion to convert be considered at the same time as the Debtors' motion to extend its time to file a Disclosure Statement and Plan of Reorganization and extend its exclusive periods.**

Murrells Retail Associates, LLC ("Murrells"), a creditor and party in interest, by and through undersigned counsel, files this motion (the "Motion") pursuant to section 1112(b) of Title 11 of the United States Code (the "Bankruptcy Code") for entry of an order converting Frank Entertainment Group, Inc.'s ("FEC" or the "Debtor") Chapter 11 case to a case under Chapter 7 of the Bankruptcy Code.[1]

---

[1] Although there are four independent cases, none of them have been substantively consolidated. Consolidation of FEC with any of the other debtors would not be appropriate as a matter of law given the absence of commonly owned or pledged assets, or commingling thereof.

## INTRODUCTION

1. Based upon the Debtor's filings in this case, including but not limited to its Schedules of Assets and Liabilities and Statement of Financial Affairs ("Schedules") [D. E. 29] and its Monthly Operating Reports ("MORs"), FEC has no operations. It admittedly exists solely to own other non-debtor entities. The Schedules and MORs do not provide any information regarding these non-debtor entities other than their existence. Any assets these entities may own are not collateral securing a claim of any other creditor in these cases.

2. FEC's MOR's show no sales between August and December, which is the month for which the most recent MOR was filed. The Schedules list approximately $28,341,805.34 in unsecured debt, exclusive of Murrell's $21,824,689.74 claim (subject to reduction under Bankruptcy Code section 502(b)(6)).[2] Murrells is probably the Debtor's largest creditor even after its claim is reduced, since Frank Investments, Inc. ("Investments") has negotiated treatment of Bancorp's – its secured creditor - claim in connection with a Plan of Reorganization filed by Investments, which provides that all of Bancorp's collateral will be returned to it and presumably liquidated, with any deficiency claim to be an unsecured claim against all of the other debtors in these jointly consolidated cases, since they are all borrowers in relation to Bancorp.[3]

3. Undersigned counsel has conferred with Bancorp's counsel. Bancorp does not object to the relief requested in this motion.

4. This case was filed in August of 2018. Notwithstanding that the Debtor was provided with an additional ninety days from the date it was originally ordered to file a Disclosure Statement and Plan of Reorganization, it failed to do so. Given its lack of operations, the negotiated treatment

---

[2] The Schedules list Bancorp as having an unsecured claim in the amount of $17,470,114.97. This amount is actually much less since Bancorp's claim is largely secured. In its own motion to convert the Investments case, Bancorp states that it is unsecured by approximately $1.5Million according to recent appraisals (*see* D. E. 111 at ¶ 3).

[3] The Schedules provide that Surrey Bank & Trust has a claim of $4,308,511.89. This claim is listed as contingent. It is also a guarantee claim, meaning that in all probability there is another debtor or other source that it may seek to recover from.

- 3 -

of Bancorp's claim in the Investments case, its ownership of unencumbered assets (which may or may not have any value) and the fact that it has only unsecured creditors, filing a Disclosure Statement was not a complicated task. FEC has not complied with its obligations as a debtor in possession or the orders of this court, and there is nothing in this court's record which indicates that it can.  There is no reasonable basis for FEC to remain a debtor in possession. In view of its stated, unencumbered assets and the complete lack of disclosure about them,[4] conversion of this case, as opposed to dismissal, is in the best interests of creditors at this juncture.

5.  This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2)(A) and the Court may enter a final order consistent with Article III of the United States Constitution. The statutory predicate for the relief sought in this Motion is section 1112(b) of the Bankruptcy Code. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## BACKGROUND

6.  Murrells owned a land lease pertaining to certain property located in a strip mall in South Carolina. After a number of defaults and agreements to enable Frank Theatres Inlet Square, LLC to continue to occupy the property (the Debtor and Bruce Frank guaranteed payment under the lease), the Debtor abandoned the property and Murrells accelerated and terminated the lease. Murrell's claim against Frank Theatres Inlet Square, LLC (and by extension against the Debtor) has since been liquidated in an amount of $21,824,689.74.

---

[4] There was clearly a substantial amount of litigation pre-petition. A number of creditors are lawyers or law firms, including one firm with a claim of $555,072.98 (*see* Schedules at p. 12). There is presumptively a reason for this and it should be investigated.

## ARGUMENT

## The Court Should Convert This Case to Chapter 7 Case Under Section 1112(b) of the Bankruptcy Code

7. Section 1112(b) of the Bankruptcy Code authorizes this to convert a chapter 11 case to a chapter 7 case for cause, on request of a party in interest and after notice and a hearing. Section 1112(b) of the Bankruptcy Code provides in pertinent part that:

> (b) (1) Except as provided in paragraph (2) and subsection (c), on request of a party in interest, and after notice and a hearing, the court shall convert a case under this chapter to a case under chapter 7 or dismiss a case under this chapter, whichever is in the best interests of creditors and the estate, for cause unless the court determines that the appointment under section 1104(a) of a trustee or an examiner is in the best interests of creditors and the estate.

11 U.S.C. § 1112(b). Murrells does not believe that either of the exceptions set forth in subparagraphs (b)(2) or (c) apply in the present case. Subparagraph (2) of section 1112(b) states that the court may not convert a case if it finds and specifically identifies "unusual circumstances establishing that converting or dismissing the case is not in the best interests of creditors and the estate" and the debtor or an interested party establishes a reasonable likelihood that a plan will be timely confirmed and that the grounds for converting include an act or omission by the debtor for which there is a justification and which will be cured within a reasonable period. 11 U.S.C. § 1112(b)(2). There are no unusual circumstances with regard to Entertainment and is no justification for FEC's delay in preparing a Disclosure Statement and Plan. As discussed below, there is no reasonable likelihood that a plan will be confirmed. Subsection (c) is not relevant to this case.

8. Bankruptcy Code section 1112(b)(4) defines "cause" for purposes of conversion or dismissal of a Chapter 11 case. Under section 1112(b)(4)(A) of the Bankruptcy Code, cause exists

to convert or dismiss where there is both continuing loss to, or diminution of, the estate and the absence of a reasonable likelihood of rehabilitation. *Johnston,* 149 B.R. at 162; *In re Citi-Toledo Partners,* 170 B.R. 602, 606 (Bankr. N.D. Ohio 1994). Diminution of an estate exists where, for example, the debtor's business has ceased or the debtor's liabilities outstrip its assets. *Id.* at 606. FEC admittedly has no operations and no reasonable likelihood of rehabilitation. Murrells will vote against any Plan that does not pay its claim, as allowed by this court, in full and otherwise preserves its rights as against Bruce Frank.

9. A debtor lacks "a reasonable likelihood of rehabilitation" where, for example, it lacks income, operating funds, employees, or "continuing revenue-generating activity." *See id.* at 606-07, 609; *see also Johnston,* 149 B.R. at 162 (debtor lacked income); *In Great American Pyramid Joint Venture,* 144 B.R. 780, 791 (Bankr. W.D. Tenn. 1992) (debtor lacked operating funds).

10. FEC's Schedules and MOR's speak for themselves. FEC has no income. It has no employees and it is not engaged – nor will it be engaged – in any revenue-generating activity, much less continued revenue-generating activity. It does not have the ability to accumulate funds necessary to confirm a Plan of Reorganization.

11. In addition to the absence of a reasonable likelihood of rehabilitation, there is a continued, unexcused failure to satisfy timely filing and reporting requirements established by the U.S. Trustee's Guidelines for Debtors in Chapter 11 cases and the failure to file a Disclosure Statement or a Plan of Reorganization within the time fixed by an order of this court, especially after the Debtor was provided with an additional ninety days to do so.  No creditors in FEC's chapter 11 case have been provided with any information regarding the entities FEC owns, which are its only assets. This is precisely what should not be done in a chapter 11 case. FEC does not deserve to remain in Chapter 11.

**This Case Should Be Converted To A Chapter 7 Case Rather Than Dismissed**

12. There is nothing FEC is doing that cannot be done by a Chapter 7 Trustee. A Chapter 7 Trustee will likely act more prudently than the Debtor with respect to creditors,

including investigation of the Debtor and its wholly owned businesses, how the Debtor accumulated the amount of debt listed in its Schedules, and the prosecution of avoidance and related actions. Conversion is, by far, more appropriate than dismissal and is in the best interest of all of FEC's creditors.

## **CONCLUSION**

13. There is no valid reason for FEC to remain in chapter 11. It has no income. It has no continuing business. It has no creditor support that Murrells is aware of, and Murrells is its largest unsecured creditor. Its case should be converted to a Chapter 7 case, since doing so is in the best interest of all creditors. Murrells respectfully requests that this Court enter an Order granting this Motion, converting this case to a case under chapter 7 of the Bankruptcy Code and granting such other and further relief as the Court deems just and appropriate.

I HEREBY CERTIFY that I am admitted to the Bar of the United States District Court for the Southern District of Florida and that I am in compliance with the additional qualifications to practice in this Court as set forth in Local Rule 2090-1(A).

/s/ Eric A. Rosen
Eric A. Rosen
Fla. Bar No. 36426
Email: erosen@fowler-white.com

FOWLER WHITE BURNETT, P.A.
Northbridge Centre
515 North Flagler Drive, Suite 2100
West Palm Beach, Florida 33401
Telephone:   (561) 802-9044
Facsimile:    (561) 802-9976