


**ORDERED in the Southern District of Florida on June 29, 2020.**

Erik P. Kimball, Judge
United States Bankruptcy Court

_____

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

In re:

FRANK INVESTMENTS, INC., *et al.*,

    Debtors.

_____/

Lead Case No. 18-20019-EPK

Chapter 11
(Jointly Administered)

### ORDER APPROVING DISCLOSURE STATEMENT AND CONFIRMING CHAPTER 11 PLAN OF LIQUIDATION

**THIS MATTER** came before the Court for hearing on June 18, 2020 (the "Confirmation Hearing") to consider confirmation of the *Second Amended Chapter 11 Plan of Liquidation of Frank Investments, Inc., a New Jersey Corporation* (together with any amendments or modifications thereto, the "Plan") [ECF No. 563] and final approval of the *Disclosure Statement for Second Amended Chapter 11 Plan of Liquidation of Frank Investments, Inc., a New Jersey Corporation* (the "Disclosure Statement") [ECF No. 564], filed by debtor in possession, Frank

{2230/000/00501240}

Investments, Inc., a New Jersey corporation (the "Debtor"). The Court, having considered the Plan, the Disclosure Statement, the *Confirmation Affidavit by Alan Barbee* (the "Confirmation Affidavit") [ECF No. 647], the evidence presented, the proffered testimony of Alan Barbee, the statements and representations of counsel, the modifications to the Plan announced on the record by counsel for the Debtor, and pursuant to Bankruptcy Rule 7052, makes the following findings of fact and conclusions of law:

### Findings of Fact and Conclusions of Law

A. Adequate and sufficient notice, as required pursuant to the Bankruptcy Rules and the Court's *Order (I) Approving Disclosure Statement; (II) Setting Hearing on Confirmation of Plan; (III) Setting Hearing on Fee Applications; (IV) Setting Various Deadlines; and (V) Describing Plan Proponent's Obligations* [ECF No. 568] was provided to all known creditors, equity security holders, the Office of the U.S. Trustee, and other parties in interest of: (1) the Plan; (2) the deadline to file and serve objections to confirmation of the Plan; (3) the deadline for voting on the Plan; and (4) the hearing on approval of confirmation of the Plan.

### Jurisdiction and Venue

B. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the District Court's general order of reference. Confirmation of the Plan is a core proceeding under 28 U.S.C. § 157(b). Venue is proper in this district under 28 U.S.C. §§ 1408 and 1409.

### Adequate Information

C. The Disclosure Statement contains "adequate information" regarding the Plan in accordance with 11 U.S.C. § 1125(a).

### 11 U.S.C. § 1129(a)(1)

D.     The Plan complies with the applicable provisions of the Bankruptcy Code, including without limitation 11 U.S.C. §§ 1122, 1123, 1125, and 1129, with respect to all classes of Claims and Interests under the Plan and, therefore, the provisions of 11 U.S.C. § 1129(a)(1) have been satisfied.[1]

**11 U.S.C. § 1129(a)(2)**

E.     The Debtor, the proponent of the Plan, has complied with the applicable provisions of the Bankruptcy Code. Accordingly, the requirements of 11 U.S.C. § 1129(a)(2) have been satisfied.

**11 U.S.C. § 1129(a)(3)**

F.     The Plan has been proposed in good faith and not by any means forbidden by law. Accordingly, the requirements of 11 U.S.C. § 1129(a)(3) have been satisfied.

**11 U.S.C. § 1129(a)(4)**

G.     Any payments made or to be made by the Debtor, or by a person issuing securities or acquiring property under the Plan, for services or for costs and expenses in or in connection with the case, or in connection with the Plan and incident to the case, have been approved by, or are subject to the approval of, this Court as reasonable. Accordingly, the requirements of 11 U.S.C. § 1129(a)(4) have been satisfied.

**11 U.S.C. § 1129(a)(5)**

H.     The Debtor, as the proponent of the Plan, has disclosed the identity and affiliations of the individuals proposed to continue to serve as a director or officer, if any, of the Liquidating Debtor. The appointment to, or continue in, such office of such individuals is

---

[1] Unless otherwise defined, any capitalized terms herein shall have the same meaning ascribed to them in the Plan.

consistent with the interests of creditors and equity security holders and with public policy. Accordingly, the requirements of 11 U.S.C. § 1129(a)(5)(A) have been satisfied.

    I.    The Debtor, as the proponent of the Plan, has disclosed the identity of any insider that will be employed or retained by the Liquidating Debtor, if any, and the nature of any compensation for such insider. Accordingly, the requirements of 11 U.S.C. § 1129(a)(5)(B) have been satisfied.

### 11 U.S.C. § 1129(a)(6)

    J.    No governmental regulatory commission has jurisdiction over the rates of the Liquidating Debtor. Accordingly, 11 U.S.C. § 1129(a)(6) is not applicable.

### 11 U.S.C. § 1129(a)(7)

    K.    The Plan treats Classes 1, 2, 3, 4 and 5 as Impaired. Class 1, Class 2 and Class 4 have voted to accept the Plan. However, Class 3 has not voted to accept the Plan. Additionally, Class 5 does not receive or retain any property under the Plan and is therefore deemed to reject the Plan.

    L.    With respect to each Impaired Class of Claims or Interests, each holder of an Interest or Clam has either accepted the Plan, has consented to the Plan, or will receive or retain, under the Plan on account of such claim or interest, property of a value, as of the Effective Date of the Plan, that is not less than the amount that such holder would receive or retain if the Debtor were liquidated under chapter 7 of the Bankruptcy Code on such date. Accordingly, the requirements of 11 U.S.C. § 1129(a)(7) have been satisfied with respect to each Impaired Class of Claims or Interests.

### 11 U.S.C. § 1129(a)(8)

M.      Class 1, Class 2 and Class 4 have voted to accept the Plan.  Class 6 and Class 7 are Unimpaired and therefore deemed to accept the Plan.  However, Class 3 has not voted to accept the Plan.  Class 5 does not receive or retain any property under the Plan and is deemed to reject the Plan.  Accordingly, the requirements of 11 U.S.C. § 1129(a)(8) have been satisfied with respect to Classes 1, 2, 4, 6 and 7, but have not been satisfied with respect to Classes 3 and 5.

**11 U.S.C. § 1129(a)(9)**

N.      The Plan provides that all Allowed Priority Claims, Allowed Unsecured Priority Claims, and Allowed Administrative Claims are to be paid on the Effective Date, the date on which such claims becomes payable pursuant to Final Order of the Court, or as otherwise provided in the Plan.  Accordingly, the requirements of 11 U.S.C. § 1129(a)(9) have been satisfied.

**11 U.S.C. § 1129(a)(10)**

O.      The Plan treats Classes 1, 2, 3, 4 and 5 as Impaired.  Classes 1, 2 and 4 voted in favor of the Plan, and therefore have accepted the Plan.  Accordingly, based upon the acceptance of Classes 1, 2 and 4, the requirements of 11 U.S.C. § 1129(a)(10) have been satisfied with respect to one Impaired Class of Claims accepting the Plan, not including acceptance of the Plan by any Insiders.

**11 U.S.C. § 1129(a)(11)**

P.      The Plan is feasible based on, among other things, the liquidation of the Debtor's assets as described in the Plan and Disclosure Statement.  Thus, confirmation of the Plan is not likely to be followed by any liquidation, or the need for further financial reorganization of the

Debtor or any successors to the Debtor under the Plan, except to the extent proposed in the Plan. Accordingly, the requirements of 11 U.S.C. § 1129(a)(11) have been satisfied.

**11 U.S.C. § 1129(a)(12)**

Q. The Plan provides for payment in full of all U.S. Trustee fees payable under 28 U.S.C. § 1930 and all fees payable under Section 1930 of Title 28. To the extent any fees remain due and owing, they will be paid on the Effective Date of the Plan. Accordingly, the requirements of 11 U.S.C. § 1129(a)(12) have been satisfied.

**11 U.S.C. § 1129(a)(13)**

R. The Debtor has no retirement plan, and the Debtor therefore has no obligation to provide retiree benefits. Accordingly, 11 U.S.C. § 1129(a)(13) is not applicable.

**11 U.S.C. § 1129(a)(14)-(16)**

S. 11 U.S.C. § 1129(a)(14), (15), and (16) do not apply to this case because these provisions apply either to an individual debtor, or to nonprofit corporations and trusts. Accordingly, 11 U.S.C. § 1129(a)(14)-(16) are not applicable.

**11 U.S.C. § 1129(b)**

T. All of the applicable requirements of § 1129(a) other than paragraph (8) have been met with respect to the Plan.

U. The Plan does not discriminate unfairly, and is fair and equitable with respect to each class of claims or interests that is impaired under, and has not accepted, the Plan. In particular, Class 3, which consists of Allowed General Unsecured Claims, and Class 5, which consists of Equity Interests, are impaired under and have not accepted the Plan. The holder of any claim or interest that is junior to Class 3 or Class 5 will not receive or retain under the Plan on account of such junior claim or interest any property.

V.        On request of the Debtor, and pursuant to 11 U.S.C. § 1129(b), the Court shall confirm the Plan notwithstanding the requirements of 11 U.S.C. § 1129(a).

**Modifications**

W.        The modifications set forth herein and announced on the record during the Confirmation Hearing are not material and do not adversely change the treatment of creditors, and thus does not warrant re-solicitation.

**Oral Findings Incorporated by Reference**

X.        The Court's oral findings of fact and conclusions of law announced on the record at the Confirmation Hearing are incorporated by reference herein.

**Requirements for Confirmation Satisfied**

Y.        All of the requirements for Confirmation under 11 U.S.C. § 1129 have been satisfied.  Confirmation of the Plan is in the best interests of the Debtor's Estate, its creditors, its equity security holders and all other parties in interest.

It is therefore **ORDERED AND ADJUDGED** that:

1.        The Plan, as modified herein, is **CONFIRMED** and **APPROVED** in all respects.

2.        Any and all objections to confirmation of the Plan not withdrawn or otherwise addressed in this Order are expressly **OVERRULED**.

3.        The modifications announced on the record during the Confirmation Hearing as set forth herein satisfy 11 U.S.C. § 1127 and the Debtor, as the proponent of such modifications, has complied with 11 U.S.C. § 1125 with respect to the Plan, as modified.  Pursuant to 11 U.S.C. § 1127(d), all creditors that accepted or rejected the Plan are deemed to have accepted or rejected the Plan as modified by the modifications set forth herein and announced on the record during the Confirmation Hearing.

4. The Plan is modified as follows:

    a. Administrative Claims consisting of postpetition ad valorem taxes on Absecon ("<u>Absecon Administrative Claims</u>"), which the Debtor estimates to total approximately $19,000, shall be paid as follows: within fourteen (14) days of the Confirmation Date, the holder(s) of the Absecon Administrative Claims may request in writing payment in Cash from the Debtor. If made, the written request must include specific instructions for payment, a specified payoff date, and a payoff amount effective as of such payoff date. If such written request is issued properly to the Debtor pursuant to the terms of the Confirmation Order, the Debtor shall pay the Absecon Administrative Claims in Cash forthwith; <u>provided, however</u>, that at the closing of any transfer of Absecon by the Debtor to a third-party, including any transfers made by deed in lieu of foreclosure, quitclaim deed or similar mechanism, Bancorp shall fully reimburse the Debtor in Cash for the Debtor's payment of the Absecon Administrative Claims. Alternately, if the holder(s) of Absecon Administrative Claims do not provide written request to the Debtor for payment in Cash within fourteen (14) days of the Confirmation Date, such claims shall be paid in full upon the closing of any transfer of Absecon by the Debtor to a third-party, including any transfers made by deed in lieu of foreclosure, quitclaim deed or related mechanism. In such a circumstance, the Absecon Administrative Claims shall be paid such closing: (i) from the Absecon sale proceeds the are subject to Bancorp's lien or security

        interest, or (ii) in the event of a credit bid by Bancorp, or deed in lieu or similar transfer to Bancorp, by Bancorp in Cash.

    b.    The Plan includes an additional Class: Class 6.  Class 6 consists of the Allowed Secured Claim of the Palm Beach County Tax Collector in the approximate amount of $716.72.  *See* Proof of Claim 32.  The Class 6 Claim shall be paid in full, with interest, on or before the Effective Date.  The Class 6 Claim is Unimpaired and deemed to accept the Plan.

    c.    The Plan includes an additional Class: Class 7.  Class 7 consists of the Allowed Secured Claim consisting or prepetition ad valorem taxes on Absecon, which the Debtor estimates to total approximately $25,000.  The Plan shall leave unaltered the legal, equitable, and contractual rights to which Class 7 Claim entities the holder of such claim or interest.  The Class 7 Claim is Unimpaired and deemed to accept the Plan.

    d.    Within thirty (30) days of the Effective Date, the Debtor shall submit to Bancorp requests for any unreimbursed Collateral Expenses, as such term is defined at ECF No. 438.  Within thirty (30) days of its receipt of such requests, Bancorp shall (a) fully reimburse the Debtor for agreed Collateral Expenses and (b) in the event of a dispute over a Collateral Expense, file a motion with the Court requesting adjudication of such dispute.

5.    The Findings of Fact and Conclusions of Law set forth above shall constitute findings of fact and conclusions of law of this Court pursuant to Bankruptcy Rule 7052.  To the extent any finding of fact shall later be determined to be a conclusion of law, it shall be so

deemed, and to the extent any conclusion of law later shall be determined to be a finding of fact, it shall be so deemed.

6. Notice was adequate and sufficient under the Bankruptcy Code, the Bankruptcy Rules, the Local Rules and Orders of this Court, and the Due Process Clause of the United States Constitution.

7. The Effective Date shall occur upon this Order becoming final and non-appealable, and all conditions precedent to the Effective Date set forth in section 9.01 of the Plan being satisfied, or waived pursuant to the terms of the Plan.  The Debtor will file a Notice of the Effective Date with the Court upon the occurrence of the Effective Date.

8. The Liquidating Debtor is authorized and directed to take all actions necessary or appropriate to enter into, implement, and consummate the contracts, instruments, releases, settlements, and other agreements or documents created in connection with the Plan.

9. Any party to a contract or lease rejected pursuant to the Plan with a claim for rejection damages ("Rejection Claim") may file with the Court a claim within thirty (30) days from the date of entry of this Order and serve a copy on the Debtor' counsel ("Rejection Claim Bar Date").  The Debtor shall have thirty (30) days from receipt thereof to file an objection to such Rejection Claim.  **ANY CREDITOR WHO FAILS TO FILE A REJECTION CLAIM ON OR BEFORE THE REJECTION CLAIM BAR DATE WILL BE FOREVER BARRED, ESTOPPED, AND ENJOINED FROM ASSERTING SUCH REJECTION CLAIM AGAINST THE DEBTOR AND ITS ESTATE, AND THE DEBTOR AND ITS CHAPTER 11 ESTATE, SUCCESSOR, AND PROPERTY WILL BE FOREVER DISCHARGED FROM ANY AND ALL INDEBTEDNESS OR LIABILITY WITH RESPECT TO SUCH CLAIM.  IN ADDITION, THE HOLDER OF SUCH REJECTION**

**CLAIM SHALL NOT BE PERMITTED TO PARTICIPATE IN ANY DISTRIBUTION IN THE CHAPTER 11 CASE ON ACCOUNT OF SUCH CLAIM, OR RECEIVE FURTHER NOTICES REGARDING SUCH CLAIM.**

10. Such documents that may be necessary or appropriate to effectuate the Plan are **APPROVED**.

11. On the Effective Date, the adoption and filing, as applicable, of the Liquidating Debtor' bylaws, the amended and restated operating agreement, the appointment of officers of the Liquidating Debtor, if any, and all actions contemplated hereby shall be deemed authorized and approved in all respects pursuant to the Plan.

12. *Upon the entry of this Confirmation Order with respect to the Plan, all holders of Claims and Equity Interests and other parties in interest, along with their respective present or former employees, agents, officers, directors, or principals, are enjoined from taking any actions to interfere with the implementation or consummation of the Plan, except with respect to actions any such entity may take in connection with the pursuit of appellate rights.*

13. *Without limiting the foregoing, all entities who have held, hold, or may hold Claims against or Equity Interests in the Debtor are, with respect to any such Claims or Equity Interests, permanently, enjoined from and after the Confirmation Date from taking any of the following actions (other than actions to enforce any rights or obligations under the Plan): (i) commencing, conducting, or continuing in any manner, directly or indirectly, any suit, action or other proceeding of any kind (including any proceeding in a judicial, arbitral, administrative or other forum, or any discovery) against or affecting, the Liquidating Assets or the Plan Administrator; (ii) enforcing, levying, attaching (including any pre-judgment attachment), collecting or otherwise recovering by any manner or means, whether directly or*

*indirectly, any judgment, award, decree, order, or encumbrance of any kind against the Liquidating Assets or the Plan Administrator; (iii) creating, perfecting, or otherwise enforcing in any manner, directly or indirectly, any encumbrance or lien of any kind against the Liquidating Assets or the Plan Administrator; or (iv) acting or proceeding in any manner, in any place whatsoever, that does not conform to or comply with the provisions of the Plan; <u>provided, however,</u> that nothing in the Plan or Confirmation Order shall constitute a waiver of any rights or defenses of such persons with respect to such actions, <u>provided, further,</u> that such injunction shall neither bar any entity from asserting any defense in an action commenced by or on behalf of the Debtor, nor prohibit any entity from asserting any right expressly preserved or contemplated by the Plan; <u>provided, furthermore,</u> that nothing contained in the Plan or Confirmation Order shall preclude the IRS from pursuing an action against any entity, or preclude any governmental entity from pursuing a criminal, police or regulatory action against any entity.*

14. Unless otherwise provided in the Plan or this Order, all injunctions or stays provided for in the Bankruptcy Case under sections 105 or 362 of the Bankruptcy Code or otherwise, and extant on the Confirmation Date, shall remain in full force and effect until the Effective Date.

15. This Order is in recordable form, and shall be accepted by any filing or recording officer or authority of any applicable governmental unit for filing and recording purposes without further or additional orders, certifications, or other supporting documents.

16. Pursuant to section 1146(a) of the Code, the issuance, transfer or exchange of notes or equity securities under the Plan, creation of any mortgage, deed of trust or other security interest, the making or assignment of any lease or sublease, or the making or delivery of any

instrument of transfer under, in furtherance of, or in connection with the Plan, any merger agreements or agreements of consolidation, deeds, bills of sale or assignments, or any other documents executed in connection with any of the transactions contemplated by the Plan, and related loan and security documents, shall not be subject to any stamp, real estate transfer, mortgage recording, or other similar tax.  Without limiting the foregoing, the sales of Black Horse and White Horse approved contemporaneously with the Plan are sales and transactions made "under a plan" pursuant to § 1146(a) and in furtherance of, and in connection with the Plan, and therefore are exempt from the imposition of any documentary stamp or similar tax, and shall not be taxed under any law imposing a stamp tax or similar tax.  This Confirmation Order is and shall be binding upon and shall govern the acts of all entities including, without limitation, all filing agents, filing officers, title agents, title companies, recorders of mortgages, recorders of deeds, registrars of deeds, administrative agencies, governmental departments, secretaries of state, federal, state and local officials, and all other persons and entities who may be required, by operation of law, the duties of their office, or contract, to accept, file, register or otherwise record or release any documents or instruments, or who may be required to report or insure any title or state of title in or with respect to the property of the Debtor, including the property being transferred pursuant to the Plan.  Each and every federal, state and local government agency is hereby directed to accept any and all documents and instruments necessary, useful or appropriate to effectuate, implement and consummate the transactions contemplated by the Plan and this Confirmation Order without payment of any recording tax, stamp tax, transfer tax or similar tax imposed by state or local law, including without limitation, any deeds, bills of sale or other conveyance documents transferring the Real Properties.  The Debtor and purchasers of the Real Properties, as the case may be, are authorized to deliver this Confirmation Order to any state or

local recording officer, and such officer (or any person or entity with authority over any of the foregoing) shall comply with the requirements of section 1146(a) of the Bankruptcy Code, shall forego the collection of any such tax or governmental assessment and shall accept for filing such documents or instruments without charging any stamp tax, recording tax, personal property transfer tax, mortgage or other similar tax.  The Court specifically retains jurisdiction to enforce the foregoing direction, by contempt or otherwise.

17. On the Effective Date, all matters provided for under the Plan that would otherwise require approval of the directors or members of the Debtor or Liquidating Debtor or their successors in interest under the Plan, shall be deemed to have occurred and shall be in full force and effect from and after the Effective Date pursuant to the applicable general corporation law, without any requirement of further action by the members or directors of the Debtor or Liquidating Debtor.

18. Under Sections 105(a) and 1142 of the Bankruptcy Code, and notwithstanding entry of this Order and occurrence of the Effective Date, and except as otherwise ordered by the Court, the Court shall retain exclusive jurisdiction over all matters arising out of, and related to, the above-referenced bankruptcy case and the Plan to the fullest extent permitted by law, including, without limitation, to the matters set forth in Article X of the Plan.

19. The Debtor shall pay the U.S. Trustee the appropriate sum required pursuant to 28 U.S.C. § 1930(a)(6) on the Effective Date, and simultaneously provide to the U.S. Trustee an appropriate affidavit indicating Cash disbursements for all relevant periods; notwithstanding anything contained in the Plan to the contrary, the Debtor shall further pay the U.S. Trustee the appropriate sum required pursuant to 28 U.S.C. § 1930(a)(6) for post-confirmation periods within the time periods set forth in 28 U.S.C. § 1930(a)(6) until the earlier of the closing of this

case by the issuance of a Final Decree by the Bankruptcy Court, or upon entry of an order of this Bankruptcy Court dismissing the case, or converting this case to another chapter under the United States Bankruptcy Code, and the Debtor shall provide to the U.S. Trustee, upon the payment of each post-confirmation payment, a quarterly report and appropriate affidavit indicating income and disbursements for the relevant periods.

20. The Debtor shall serve a copy of this Order upon all parties entitled to notice thereof pursuant to Bankruptcy Rule 3020(c), and Local Rules 2002-1(c)(11) and 3020-1(D), and shall file a certificate of service with the Court.

###

Submitted by:

**SHRAIBERG, LANDAU & PAGE, P.A.**
Patrick Dorsey, Esq.
Attorneys for the Debtor
2385 NW Executive Center Drive, #300
Boca Raton, Florida 33431
Tel.: 561-443-0800
Facsimile: 561-998-0047
Email: pdorsey@slp.law

Patrick Dorsey, Esq. is directed to serve copies of this Order upon all interested parties and to file a certificate of service with the Court.